AUG 2 8 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Ernest Adimora-Nweke | § | Civil Action No |
| *Plaintiff/Petitioner* | § | 1:23CV1048 DII |
| v. | § | |
| Steven C. McGraw, *et al* | § | |
| *Defendant(s)* | § | |

## PLAINTIFF'S ORIGINAL INDEPENDENT ACTION IN EQUITY COMPLAINT

**TO THE HONORABLE COURT & CLERK:**

NOTICE: This Complaint/Pleading shall be construed as a whole with contents of each section and subsection incorporated by reference into all preceding and subsequent sections and subsections, and made a part thereof. All documents and evidence cited to, if not attached to or image embedded in this complaint, are on record file in

(a) U.S Supreme Court Docket No. 22-6773. *Adimora-Nweke v. McGraw* (Director).

(b) U.S. District Court, Southern District of Texas, Houston Division (accessible via www.Pacer.gov):

    a. Cause No. 4:20-CV-04149 – *Ernest Adimora-Nweke v. Yarbrough-Smith et al.*

    b. Cause No. 4:22-CV-00765 - *Ernest Adimora-Nweke v. Steven C. McGraw et al.*

    c. Doc. 12 of Cause No. 4:20-CV-01651 – *Ohakweh v. Harris Health et al*

    d. Docs. 1 & 2 of Cause # 4:23-mc-00964 – *Adimora-Nweke v. McGraw et al.*

    e. Docs. 1 - 4 of Cause # 4:23-mc-00976 – *Adimora-Nweke v. McGraw et al.*

    f. Docs. 1 - 6 of Cause # 4:23-mc-01283 – *Adimora-Nweke v. McGraw et al.*

(c) Harris County District Court Cause No. 202056824 – *Ernest Adimora-Nweke v. Hannah Yarbrough-Smith et al.*

(accessible via https://www.hcdistrictclerk.com/Edocs/Public/search.aspx)

*Said documents and their contents are hereby incorporated by reference, as necessary.

## PARTIES

Plaintiff/Petitioner: **Ernest Adimora-Nweke** is an individual who resides in The State of Texas & Harris County; & practices law in said State of Texas, & is in good standing with Texas State Bar.

Defendant(s):

(1) **Steven C. McGraw** is the applicable and responsible Director of **Texas Department of Public Safety ("TxDPS")**, a Texas State Agency. He may be served process at 5805 N. Lamar Blvd. Austin, TX 78752-4431. McGraw & TxDPS are sued in official capacity. NOTICE: A copy of the pleading shall be served to Texas Attorney General, at Office of the Attorney General PO Box 12548 Austin, TX 78711-2548; as/if required.

(2) **Hon. Judge Lynn Hughes** is a federal court judge in **U.S. Dist Court. S.D. TX Houston Division**, a U.S. federal entity. The action is brought against him in his official capacity, with Plaintiff seeking a 28 U.S.C. §1651 writ injunction or FRCP Rule 60(d) relief, from the void order entered in Doc. 12 of Cause 4:20-CV-01651, USDC SD TX; which is unconstitutionally overbroad, & bars Plaintiff from filing any case in USDC SDTX. He may be served process at 515 Rusk Ave., Houston, TX, 77002.

## JURY DEMAND

As necessary, Plaintiff hereby requests a jury trial.

## JURISDICTION & VENUE

Plaintiff's claims are federal civil rights allowed under federal civil rights statutes: 42 U.S.C. §1983 *et seq*; 28 USC §1331, §1651, §2201 & §2202, & FRCP Rule 60(d)(1).

The main underlying issue raised in this matter – *inter alia*, (1) challenge to the TxDPS' the void DIC-24 form, (2) challenged to the void TxDPS's ALR order of suspension, and (3) irreparable harm against Plaintiff & class members – is statutorily deemed a civil matter; independent of any criminal charges or proceedings, & independent of any results of any such criminal charges or proceedings. *Tex. Transp. Code §724.048(a)(1) & §724.048(a)(2)*. The challenged DIC-24 document is promulgated out of Defendants Texas Dept of Public Safety & its director, Steven C. McGraw, said Defendants are domiciled in Austin, TX.

Although Plaintiff's subjection to the void DIC-24 form by HPD officers occurred in Harris County, Houston, TX on or about 11/14/2018, (a) the 2011 & 2021 DIC-24 forms promulgated by TXDPS, were promulgated by said TxDPS agency in Austin TX, & (b) the void order of suspension challenged or sough vacated, originates out of TxDPS's office in Austin, TX.

All mentioned Defendants are Texas residents. Hence U.S District Court, Western District of Texas Austin Division, is adequate & proper venue for the action. 28 U.S. Code §1391.

Plaintiff's claims &/or any damages are also within the jurisdictional limits of this Court,

and as/if applicable, are above $100M in the aggregate.

This Court has jurisdiction over Defendants, and is proper venue for this case because (a) Defendants are residents of Harris County and the State of Texas; (b) the events or incidents that are the basis of Plaintiff(s) claims occurred in Harris County and throughout Texas.

### INTRO

In general, to succeed on an independent action in equity, a recognized common law action, *inter alia*, Plaintiff has to plead & prove (1) a prior judgment which 'in equity & good conscience' should not be enforced; (2) a meritorious claim in the underlying case; (3) fraud, accident, or mistake which prevented the party from obtaining the benefit of their claim; (4) the absence of fault or negligence on the part of the party; & (5) the absence of an adequate remedy at law." *Turner v. Pleasant*, 663 F.3d 770, 776 (5th Circ. 2011) (elements of independent action in equity)

This independent action is warranted due to the denial of Plaintiff-Petitioner's 1st, 5th, & 6th Amendment Petition, equal protection, & due process rights. Plaintiff-Petitioner is continuously subjected to impartial tribunal, and denied due process fair hearing before an impartial magistrate or judge. Plaintiff-Petitioner has never had a fair in-court hearing on the merits of his action, even post requests. The unneutrally detached judges or magistrates continuously disregard Plaintiff-Petitioner's pleading contents & exhibits; & enter void discriminatory & harmful dismissal orders against Plaintiff-Petitioner (e.g. *coram non judice* acts).

Afterwards, Plaintiff is either precluded appeal per void dismissal order contents; & when appealed, Plaintiff is subjected to futile appeals per the void appeal judgments-orders entered. Plaintiff then has to seek to rectify the lack of due process via independent actions in equity actions before a unimpartial judges & tribunals.

E.g., Due to lack of funds, & per personal bias by judge Bennet, who was involved in the original *Ohakweh* federal case #s 4:16-CV-903 & 4:16-CV-1704, Plaintiff was recently unjustly denied even complaint filing, & denied due process fair hearing before impartial judge; in recent independent action efforts (Cause 4:23-mc-00964 SDTX Hou., Filed 6/15/23, & Cause 4:23-mc-00976); & denied such w/o hearing or relevant reason.[1] *Accord,* Docs. 3–6, Case# 4:23-mc-00964.

Personal bias & prejudice against Plaintiff, by SDTX Houston judges, hail from Bennett & Hughes, who wrongfully dismissed &/or terminated Plaintiff's outstanding/unresolved civil rights & whistleblower (*qui tan*) action & independent action filed in their court. *See*, USDC#s 4:16-CV-903 & 4:16-CV-1704 (the original & consolidated *Ohakweh* federal civil rights & *qui tam* actions before a biased J. Bennett – dismissed without due process oral & fair hearing on the merits of the 12(b)(6) motions, & the *qui tam* action terminated; wrongfully affirmed on appeal without due process impartial tribunal & judges. 5th Circuit Chief Judge involved had a conflict of interest, & affirmed the void 12(b)(6) dismissal with prejudice.); *See also*, USDC # 4:20-CV-01651 (Plaintiff's first attempt at an independent action in equity on the *Ohakweh* civil rights & *qui tam* claims; illegally dismissed with prejudice by a biased J. Hughes: without statutory written consent of Texas or U.S. Attorney General, & without due process requested in-court hearing; & wrongly affirmed on appeal without explanation, nor due process fair hearing & impartial tribunal.); *See also*, USDC # 4:22-CV-04352 (Plaintiff's second attempt at an independent action in equity on the *Ohakweh* civil rights & *qui tam* claims; illegally dismissed with prejudice by a biased J. Hoyt: without statutory written consent of Texas or U.S. Attorney General, & without requested in-court due process fair hearing.); *See also*, USDC # 4:23-mc-01283, Doc. 4 (unreasonably citing the

---

[1] *See* Docs. 1 & 2, USDC# 4:23-mc-00964, SDTX Houston (Doc. 2 application to proceed *in forma pauperis* denied without reason); *See also*, Docs. 1 & 2, USDC # 4:23-mc-00976, SDTX Houston (Doc. 2 application to proceed in forma pauperis denied because of the pled **U.S.D.C. Cause # 4:20-CV-01651 Doc. 12 Issue** sought litigated & enjoined or vacated in the 4:23-mc-00976 action: that "applicant is not permitted to practice before SDTX.").

dismissal with prejudice from J. Hoyt in USDC # 4:22-CV-04352, as basis to deny *in forma pauperis application* in USDC # 4:23-mc-01283)

Plaintiff's prior actions on this DIC-24 matter has been before impartial magistrates, judges, or tribunals. No docket control or fair in-court hearing on the merits ever occurred, even post requests. Prior hearing transcripts have disappeared per clerk. Plaintiff is continuously denied petition & due process fair hearing rights. Prior judgments or orders are void. Plaintiff's void & challenged TxDPS' order of suspension, entered without notice or hearing, still denies Plaintiff & class members equal & due process rights, via **illegal/unauthorized $125 reinstatement fees**, costs, irreparable harm, etc.

**Section I.**

**ISSUES & PROCEDURAL HISTORY SUMMARY**

**U.S.D.C. # 4:20-CV-01651 Doc. 12 Issue**
(Void dismissal order precludes/denies Plaintiff-Petitioner & his clients of their 1st & 5th
Amendment petition, equal protection, & due process rights)

The challenged order from 4:20-CV-01651[2] is facially void for denial of Petitioner's equal protection & due process petition rights. It & its resulting discrimination caused Petitioner in S.D. TX, harms petitioner's 1st, 5th, 6th & 14th amendment petition, equal protection, & due process rights. It's language, "He may not practice in this district & must stop filing cases in it,"[3] unreasonably precludes Petitioner from filing cases in S.D. Tx., including as *pro se*; a deprivation of liberty & petition rights.

It also shows unreasonable personal bias & prejudice of the issuing Judge Lynn Hughes against Petitioner; subjects Petitioner to be denied U.S. Const. petition, equal protection, & due process rights redress of grievance on his own behalf; & subjects Petitioner – a licensed attorney

---

[2] Appx. 97.
[3] *Id.*

in Houston, TX – to undue litigation discrimination & prejudice in S.D. Tx Cts – upon removals.[4]

It also subjects Petitioner's clients to deprivation of their right to U.S. constitutionally entitled

counsel of choice[5]; as is used to deny Petitioner *pro hac vice* admission to represent clients post

removal. *See e.g.*, Cause 4:22-CV-03155, Docs. 39 & 41. USDC SDTX

Plaintiff-Petitioner appealed the action that resulted in the order, and said appeal resulted

in a void judgment from Fed. 5th Circuit; which affirmed the dismissal of the action without

explanation. See Fed. 5th Circuit Court of Appeals, Cause 20-20446, *Ohakweh v. Baylor College

of Medicine, Harris Health System, et al.*

Said appeal judgment form Cause 20-20446 is void as the complaint included a Federal &

State *qui tam* action; and neither the U.S. nor TX attorney general provided written consent to the

dismissal, as required by law for *qui tam* claims.

---

[4] *See*, 28 U.S.C. §1446.

[5] *See e.g.*, *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 - 148 (2006) ("The right to select counsel of one's choice, by contrast, has never been derived from the Sixth Amendment's purpose of ensuring a fair trial.[Footnote 3] It has been regarded as the root meaning of the constitutional guarantee. See *Wheat*, 486 U. S., at 159; *Andersen* v. *Treat*, 172 U. S. 24 (1898). See generally W. Beaney, The Right to Counsel in American Courts 18–24, 27–33 (1955). Cf. *Powell, supra*, at 53. Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is "complete" when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received. To argue otherwise is to confuse the right to counsel of choice—which is the right to a particular lawyer regardless of comparative effectiveness—with the right to effective counsel—which imposes a baseline requirement of competence on whatever lawyer is chosen or appointed.")

Hence the judge lacked[6] or lost jurisdiction[7] to issue said order; & said order language that precludes Plaintiff of right to practice in USDC SDTX, or the order as a whole, need vacated.[8]

The order is used to continuously & irreparably harm Plaintiff's U.S. Const. protected petition & due process rights to litigate matters/grievance redress, even as *pro se*, in SDTX courts. It is also used as leverage to illegally & unjustly discriminate against Plaintiff in litigation, and perpetuate obstruction of justice against Plaintiff & his clients by denying them right to litigate federal claims, via continuous wrongful dismissal of any case involving Plaintiff within SDTX – post removal of the action to federal court. Since Plaintiff resides in & his practice is based in Houston, SDTX is the court for most removed action involving Plaintiff, & the contested Doc. 12 of 4:20-CV-01651 void order, & its resulting discrimination, therefore illegally deprives Plaintiff & his clients of liberty & federal civil rights; & is illegally leveraged to perpetuate such, & further obstruct justice. The void Doc. 12 of 4:20-CV-01651 order, was entered without due process hearing, & in violation of 28 USC Sec. 455(a). *See* Case # 4:20-CV-01651 at Docs. 7, 9 – 21.

J. Hughes did not sanction Plaintiff in the action, after a post-judgment show cause hearing in said action, during pendency of appeal. *See* Case # 4:20-CV-01651 at Docs. 21, 22, 29, & 31. Hence, further reasons that Doc. 12 of 4:20-CV-01651, is void of due process, & needs vacated.

---

[6] 28 U.S.C. §455(a).

[7] *Accord, Bass v. Hoagland*, 172 F.2d 205, 209 (5th Circ. 1949) ("We believe that a judgment, whether in a civil or criminal case, reached without due process of law is without jurisdiction and void... because the United States is forbidden by the fundamental law to take either life, liberty or property without due process of law, and its courts are included in this prohibition In *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 [(1938)], the court was declared to have lost its jurisdiction in a trial for crime when it denied the constitutional right to the assistance of counsel."); *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) ""[W]hile the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is 'so unjustifiable as to be violative of due process.'); *See also, Marshall v. Jerrico*, 446 U.S. 238, 242 (1980) ("The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases..."); *Mahone v. Addicks Utility Dist., Of Harris Cnty*, 836 F.2d 921, 932 (5th Cir. 1988) ("As the Supreme Court explained long ago, equal protection of the law requires not only that laws be equal on their face, but also that they be executed so as not to deny equality... citing *Yick Wo v. Hopkins*, 118 U.S. 356 (1886)"); *See also*, 28 U.S.C. Sec. 455(a).

[8] *Id*.

28 U.S.C. §1651 writ injunction action against Hughes in his official capacity (*Accord Pulliam v. Allen*, 466 US 522 (1984) (Judges are not immune from injunction action in official capacity); See also, *Weinberger v. Wiesenfeld*, 420 U.S. 636, n.2 (1975) ("…This Court's approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment…"), or FRCP Rule 60(d) independent action, allows this court to grant such relief.  Such also allows Plaintiff to duly resolve the below issues, & any action duly allowed/entitled him & clients, within USDC SDTX. *U.S. Const. Amd. I & V.*

Plaintiff hereby requests said 28 U.S.C. §1651 injunction writ, or 60(d) relief, from the order barring his practice w/n SDTX; per petition, equal protection, & due process federal constitutional rights. *Infra*, fn(s). 7, 164-165.

### McGraw & TX DPS Issues:
### (Dismissal orders are void for denial of petition, equal protection, & due process rights)
### The Original (1st) Action (USDC No. 4:20-CV-04149)

Petitioner filed both the original (1st) suit & the independent (2nd) action in state court, complied with all petition requirements to proceed *in forma pauperis* in the suits, & was eventually granted said right.[9]  In the 1st action, the clerk only served TxDPS via Director McGraw.[10] TxDPS responded, & immediately removed the action[11] to federal court.; before Petitioner noticed that none else was served process.

Post removal in said 1st action, upon Petitioner's efforts to serve additional parties, the trail court stayed the case & referred it to an unconsented & unneutrally detached federal trial court magistrate, who – with record knowledge of Petitioner's

---

[9] Appx. 70–71; 90–106; 235–254.
[10] Appx. 100–106; 316.
[11] Appx. 56 (Doc. 1); 290-292; *See also*, USDC # 4:20-CV-4149, S.D. TX, Filed 12/4/2020.

lack of funds & *in forma pauperis* status pre-removal – deceptively requested Petitioner to file a 28 U.S.C. §1915 application to proceed without costs.[12]

At the void §1915 hearing, which occurred on 4/7/2021 & after the FRCP Rule 4 90-day deadline to serve parties had lapsed, the unconsented & unneutrally detached magistrate deceptively requested that Petitioner either (a) withdraw his application, or (b) have the case dismissed for failure to state a claim.[13] The court never set a deadline to serve parties.[14] Petitioner lacked funds to serve parties,[15] yet had summary judgment ("SJ") 4th & 14th Amd U.S. Const §1983 claims[16] duly pled, with filed supporting SJ evidence[17]. Petitioner was therefore unduly coerced, or forced, to withdraw the §1915 application – a deprivation of petition due process rights – than have the case dismissed.[18]

Hence, the unneutrally detached & unconsented magistrate, deceptively denied Petitioner of right to proceed without costs & serve additional non-TxDPS defendants post removal in federal court; & did so without a finding that Petitioner was not otherwise entitled to proceed without costs, as required under FRAP 24(a)(3).

The magistrate & the trial court judge then subsequently & wrongfully dismissed the case for failure to state a claim;[19] & disallowed service on non-TxDPS

---

[12] Appx. Pg. 58–59; 57 (Doc #s. 11, 12, & 21).  Court also lost jurisdiction. *28 U.S.C. §455(a) & (b)(1)*
[13] Appx. 59–60 (Doc. 48); 117; 116–118; 197.
[14] Appx. 56-61; 119.
[15] Appx. 100–106; 116–118; 175–177; 198; 203–204; 205; 218–219; 235–254.
[16] Appx. 107-140; 313; 317–338.
[17] Appx. 141-153; 164-171; 339–340; 341-359; 583-585.
[18] Appx. 175–177; 40.
[19] Appx. 41–52.

parties on the non-TxDPS claims.[20] Thereafter, they denied any further post judgment motions.[21]

The orders precluded Petitioner's opportunity to file a FRAP 24(a) post judgment motion, obtain a 24(a)(3) ruling, & if denied, be entitled to file the a FRAP 24(a)(5) motion in appellate court; in order to appeal *in forma pauperis*.[22] Else, Petitioner must pay for appeal filing & transcript costs.[23]

Hence, without funds to pay for appeal costs[24], Petitioner's *in forma pauperis* procedural appeal rights were wrongfully impeded by the trial court's preclusion of further motions;[25] & by its deceptive forced withdrawal of the §1915 application, without a finding that Petitioner was not otherwise entitled to proceed without costs for appeal,[26] as required under FRAP 24(a)(3).[27]

### The Independent (2nd) Action in Equity (USDC No. 4:22-CV-00765)
### (Dismissal orders are void of petition, equal protection, & due process rights)

Petitioner consequently refiled an independent (2nd) action & class action motion in state court,[28] & again complied with all requirements to proceed *in forma pauperis* in the suits, & was again granted the const. right.[29]

---

[20] Appx. 38–39; 118–119; **353–358.**
[21] Appx. 39; 534.
[22] Appx. 71–72.
[23] *FRAP R. 24(a)(1).*
[24] See, e.g., Appx. 100-101; 218-219; 234-254; 534.
[25] Appx. 39; 534.
[26] Appx. 40; 175-177; 316.
[27] *FRAP R. 24(a)(3).*
[28] Appx. 107-140; 313-338; 341-359; 360-382; 531-538.
[29] Appx. 90-99; *Accord, U.S. Const. Amd. XIV, §1.*

In said 2nd action, Petitioner was able to get both TxDPS & HC respondents served by the state clerk pre-transfer[30], & before any responses & removal of action.[31]

Once in federal court, the fed. court clerk refused to honor Petitioner's request to serve additional parties.[32] Respondents TxDPS & HC filed dispositive FRCP Rule 12(c) & 12(b)(6) Motions, respectively.[33] Petitioner responded.[34] The trial court dismissed the case again without an initial conference or docket scheduling.[35]

Post filing notice of appeal,[36] the 5th Circuit appeal clerk refused to honor Petitioner's uncontroverted[37] pre-removal *in forma pauperis* status from state court; & required *in forma pauperis* Petitioner to file a FRAP 24(a)(1) motion in federal trial dist. court to obtain an order allowing him to proceed *in forma pauperis* for appeal.[38] Petitioner called the clerk & informed her such wasn't proper per FRAP 24, & only gives the trial court an opportunity to controvert Petitioner's *in forma pauperis* status.[39] Yet, Petitioner complied;[40] & was invidiously treated as a prisoner;[41] as Petitioner now understands is Fed. Crt. policy to file mail-envelopes of such persons.

Petitioner also requested the transcripts of the 1st actions' 4/7/21 §1915 hearing.[42] The trial clerk & court denied the existence of the 4/7/21 hearing; even with

---

[30] Appx. 27.
[31] Appx. 23 (Doc.1).
[32] Appx. 24 (Doc. 17).
[33] Appx. 293-312; 391-410.
[34] Appx. 531-545; 419-432.
[35] Appx. 17-21; 24.
[36] Appx. 24.
[37] *FRAP Rule 24(a)(3)*; Appx. 90-99.
[38] Appx. 11.
[39] *FRAP R. 24(a)(3)(A)*.
[40] Appx. 25; 83-91.
[41] *See, e.g.*, Appx. 89.
[42] Appx. 25 (Doc. 26).

minutes entry from the §1915 hearing docketed.[43][44]    The trial court also denied the application on non-good faith appeal grounds;[45] thereon officially controverting Petitioner's *in forma pauperis* status from state court[46] in the 2nd action.[47]

The 5th Circ. clerk requested Petitioner to pay or reapply per Rule 24.[48]    To reapply, Petitioner only required a motion & Appx. 15-16 & 83-89.[49]

Since both action's dismissals were for failure to state a claim,[50] & since the FRAP 24(a) motion denial order was on grounds that the appeal was frivolous,[51] in order to show that Petitioner's appeal was in good faith & not frivolous, Petitioner had to file a FRAP Rule 24(a)(5) motion showing that Petitioner stated a valid federal civil rights claim; which is similar but limited in scope to challenging the 12(b)(6) dismissal orders as required for appeal.[52] Hence Petitioner filed his brief, & all §1651 writ remedies needed, in a comprehensive R. 24(a)(5) motion.[53]

The 5th Circuit refused to read or review the motion, & required Petitioner to refile the application & motion, with another financial affidavit requirement from

---

[43] Appx. 59 & 60 (Docs. 46 & 48).
[44] Such deceptive denial of transcripts for appeal petition rights, is (a) fraud by the court per false representation, & (b) irreparable harm to Petitioner's liberty to appeal or an independent action in equity; that vitiates the proceedings with causes 4:22-CV-00765 & 4:22-CV-04149, & all entered orders & judgments, for lack of jurisdictional due process for Petitioner, including lack of impartial tribunal, magistrate, & judge. *See Infra*, fn(s) 165 – 167.  Hence Petitioner warrants the independent action sought.
[45] Appx. 15-16.
[46] Appx. 90-99.
[47] *FRAP 24(a)(3)(A); C.f. USDC Cause # 4:20-CV-04149 (1st Action); Supra, Pgs.* 8-10.
[48] Appx. 9.
[49] *FRAP 24(a)(5).*
[50] Appx. 15-21; 28-52.
[51] Appx. 15-16.
[52] Appx. 15; 399-400.
[53] "APPELLANT'S FRAP Rule 21 Extraordinary Writ; FRAP Rule 21(d) Motion for Additional Word Count; 24(a)(5) Motion & BRIEF," *Adimora-Nweke v. McGraw*, Case No. 22-20269, Doc. No. 00516417289, Filed on 8/2/2022, U.S. Fed. 5th Circ.; *See e.g.*, Appx. 15-16 & 77-89 (14 of 349 pgs.).

Petitioner.[54] Petitioner has & had no funds.[55] Petitioner motioned & tried to explain that a new financial affidavit was unnecessary as already provided to trial court & in the disregarded-pending 24(a)(5) motion; & that the trial court's reason for denying Petitioner's FRAP 24(a) application (i.e., non-good-faith[56]) also rendered any financial affidavit issue irrelevant & moot.[57]

5th Circuit seems in support of this writ, & ultimately showed such via (a) the unconstitutional reason stated in the 8/15/2022 order[58], which was issued in light of Petitioner's FRAP 24(a)(5) *in forma pauperis* motion[59], & (b) the denied transfer & reconsideration motion issues.[60] These are all void orders & judgements due vacated.

Petitioner raises issues that occur daily throughout Texas & U.S., with irreparable harm to fundamental substantive & procedural due process rights of citizens. Most issues, e.g., Issues 2(A), regard statutory notice violations by government actors, with *inter alia*, irreparable harm to citizens & their rights.[61]

The trial court granted Respondents' 12(b)(6) dismissals,[62] then issued an impediment order finding; that appealing the independent action was non-good-faith.[63] Petitioner always pled various separate §1983, §1985, & §1986 damage &

---

[54] Appx. 8.
[55] Appx. 77–89; 219-220.
[56] Appx. 15.
[57] *See*, "APPELLANT's FRAP Rule 27.2.1 Motion to Reinstate Appeal, Supplement, Stay Mandate, & Transfer Case to D.C. Circuit," *Adimora-Nweke v. McGraw*, Fed. 5th Circuit Case No. 22-20269, Doc. No. 00516436680, Filed on 8/17/2022.
[58] **Appx. 6.**
[59] **Appx. 77–89.**
[60] **Appx. 498–530.**
[61] *Infra*, ***Pgs. 32-40.***
[62] Appx. 17-21.
[63] Appx. 16.

class action injunction claims,[64] against separate state & local govt defendants; hailing from 7+ different incidents involving unreasonable search & seizures of Petitioner, & invidiously, & insidiously denying him liberty, privacy, petition, equal protection, & due process rights. And such still continues, as well as the severe harm.

Plaintiff appealed the matter to U.S. Supreme Court ("SCOTUS") via SCOTUS Cause # 22-6773, *Adimora-Nweke v. McGraw* (Director); & included the necessary *in forma pauperis* application. SCOTUS, a discretionary court, granted the in forma pauperis application, but denied writ of cert on 6/5/2023.

Plaintiff is still yet to get a fair due process oral in-court hearing before an impartial judge or magistrate, in any court, & on the merits of the issues. Such has resulted in the void orders challenged, as well as the unfavorable appeal results; and perpetuates the harm on Plaintiff.

### Section II.

### ADDITIONAL DETAILS ON PROCEDURAL/CASE HISTORY
### (As pled in Cause # 4:22-CV-00765); Additional inclusions are highlighted in yellow.

The first original action was originally filed in 234th Harris County Judicial District Court with cause 202056824. Plaintiff requested clerk service of defendant parties without cost on Plaintiff, per TRCP Rule 145, on grounds of Plaintiff's inability to pay costs. Plaintiff filed the necessary documents in support including affidavit statement. Plaintiff also filed a motion for alternative service on grounds that other Defendants cannot be found or located; and sought service on them via email. After multiple wrongful denials by the interim judge of 234th court of

---

[64] Appx. 107-140; 141–255; 256–276; 313; 316–336; 341–359; 360–382; 441–467; 470–482; 484–497; 512-526.

alternative service and service of process without costs to Plaintiff, and multiple motions for reconsideration filed by Plaintiff, the clerk finally served parties but served only Defendant Director McGraw of TxDPS. Director McGraw answered with counsel, and immediately removed the case to the U.S. District Court, Southern District of Texas, Houston Division, which is located within Harris County, on the grounds that Plaintiff's claims against McGraw arise under the U.S. Constitution and Federal Laws of the United States per 28 U.S.C. Section § 1331 *et al*.

Some of Plaintiff's claims arise under the U.S. Constitution and Federal laws, as well as under state law. Hence this court also has jurisdiction as Plaintiff's claims occurred in or in close enough relation to Harris County to confer jurisdiction; and Plaintiff resides in Harris County, TX. All necessary notices have been, were, or shall be provided necessary Defendant parties.

Per prior litigation matters in Federal Court, e.g. Cause No. 4:20-CV-1651 – *Ohakweh et al v. Harris Health System et al*, Cause No. 4:16-CV-903 – *Aguocha-Ohakweh et al v. Harris County Hospital District et al.*, and a whistleblower action Cause No. 4:16-CV-1704 – *Aguocha-Ohakweh, et al v. Baylor College of Medicine, et al.*, Plaintiff is unconstitutionally barred from litigating any claims, including *pro se* claims, in U.S. District Court, Southern District of Texas, Houston Division. *See Doc. 12, Cause 4:20-CV-01651*. Defendant McGraw leveraged this wrongful court action by removing the original action with Cause No. 202056824 to said court, and raising the void prejudicial orders from the *Ohakweh* litigation to obtain favor and secure the void challenged judgments.[65] Plaintiff needs this Doc. 12 order vacated.

Due to the unfair bias, unfair prejudice, and discrimination that Plaintiff must deal with in Southern District of Houston federal court, Plaintiff is continuously, unconstitutionally, and fatally denied 1st amendment U.S. Constitutional petition rights, 5th & 14th Amendment U.S.

---

[65] Dkt. 9-1, filed on 12/11/2020, Cause No. 4:16-CV-04149

Constitutional equal protection and due process rights, and equivalently his Texas Open Courts, equal protection, and due process rights in cases or matters addressed in the federal court house. The unjust discrimination, unfair bias and unfair prejudice against Plaintiff are clear in the orders and judgments challenged, and shows a lack of impartiality of the tribunal. Such evidences that the impartiality of the court was reasonably in question, with the court's unconstitutional or arbitrary and irrational discrimination, unfair bias and unjust prejudice against Plaintiff, of such a nature, as to unjustly deprive Plaintiff of fundamental due process.[66]

The lack of impartial and disinterested tribunal negates due process and deprived the courts of jurisdiction; thereby voids any fatal orders and judgments entered, and allows for this bill of review collateral attack. *Bass v. Hoagland,* 172 F.2d. 205, 209 (5th Circ. 1949), cert denied, 338 U.S. 816 (1949) (Civil or criminal judgment reached without due process of law is without jurisdiction and void, and may be attached collaterally.) The contents of the void challenged orders and judgments[67] also show that Plaintiffs' substantive and procedural due process, and equal protection rights, are effectively deprived by the challenged orders, including that of the federal court. As explained[68], they result in unconstitutional discriminatory and unequal application of §724.015 in the case of Plaintiff and similarly situated individuals, by denying Plaintiff and similarly situated persons of required fair notices, right to bodily integrity against unconsented

---

[66] *Rosas v. State,* 76 S.W.3d 771, 775 (Tex. App. – Houston [1st District] 2002, no writ history); *accord, Liteky v. United States,* 510 U.S. 540 (1994) ("Section 455(a) of Title 28 of the United States Code requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); *Bolling v. Sharpe,* 347 U.S. 497, 499 (1954) ""[W]hile the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is 'so unjustifiable as to be violative of due process.'); *See also, Marshall v. Jerrico,* 446 U.S. 238, 242 (1980) ("The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases..."); *Mahone v. Addicks Utility Dist., Of Harris Cnty,* 836 F.2d 921, 932 (5th Cir. 1988) ("As the Supreme Court explained long ago, equal protection of the law requires not only that laws be equal on their face, but also that they be executed so as not to deny equality... citing *Yick Wo v. Hopkins,* 118 U.S. 356 (1886)")
[67] *See e.g.,* Dkts. 50, 55, 65 filed in cause 4:20-CV-04149, U.S. District Court, Southern District of Texas, Houston Division; *See also,* attached complaint Exhibits 1.5 & 1.6.
[68] *See* Dkts. 6 pgs. 88 – 108; Dkts 16, 31, 51, 54, 56, 58, & 64 filed in cause 4:20-CV-04149, U.S. District Court, Southern District of Texas, Houston Division

blood draws, and right to equal protection of the law including statutory laws, and administration of said laws. (*See e.g.*, Dkt. 64, in cause 4:20-CV-04149.)

The fatal unconstitutional deprivation of Plaintiff's fundamental rights results in void orders and judgments harmful to Plaintiff, similarly situated persons subject to Texas Transportation Code §724.015, and the public at large; including the judgments and orders challenged in this bill of review action. They effectively deny Plaintiff of the right, benefit of, and opportunity to litigate his claims against Defendant(s). They are also not a result or fault of Plaintiff, nor a result of his negligence. Plaintiff continuously and diligently pursued/pursues his claims, and continues to do so, even with unconstitutional constraints by the court, current or putative defendants, or other interested parties.

***

Plaintiff cannot and could not get a fair hearing opportunity in Federal court, and is continuously denied his petition rights as well as his due process and equal protection rights. Plaintiff, continuously unconstitutionally kept out of court by one flagrant/void order or judgment, and was again denied fair hearing on the merits before dismissal, even post requests in Dkt. 51, 53, 56, & 58 filings. The courts continuously rule in contrary to settled law or abuse discretion, to the unfair prejudice and harm of Plaintiff, when Plaintiff is involved in matters; to blatantly further perpetuate the harm on Plaintiff, and sometimes his clients. Such occurs even when the Defendants are clearly wrong, Plaintiff sufficiently met the burden of proof by law and evidence, and more. Plaintiff, depleted of funds by these actions and the actions complained of in the pleading to which Plaintiff seeks damages and other relief, is then without funds but with severe damages. Plaintiff then has to exert further efforts, to recover damages due, while harmed in his reputation, person, liberty, and business; consequently, harmed in his finances; yet denied access to court via denial

of service of parties without costs or wrongful judgments contrary to fact, law, and/or evidence, and therefore further harmed and hindered from accumulating funds to pursue such claims.

The unfair and unjust discrimination and resulting injustice against Plaintiff in Federal Court is so blatant that Plaintiff, a counsel, is - by another void constitutional order or judgment – barred from bringing any claims in U.S. District Court, Southern District of Texas Houston Division; even *pro se*. Such is a blatant deprivation of Plaintiff's 1st and 5th Amendment petition and due process rights. This was leveraged by Defendant McGraw in federal court, as he and TxDPS wrongfully raised such void smear campaign order barring Plaintiff from Federal Court, as reason for dismissal. Meanwhile, Plaintiff had proper claims and defenses in the governing pleading in federal court.[69] Note that under state law, the actions by the clerk to deny Plaintiff of service of process is a constitutional violation of Plaintiff's open courts, due process, and equal protection rights, that resulted in the fatal denial of Plaintiff's claims against other Defendants and against McGraw and TxDPS.

None of the reasons for the wrongful or void judgments challenged via this independent action in equity/bill of review, are Plaintiff's fault. All of the wrongful actions of Defendants and the court in the prior proceedings – including refusal to serve process, lack of deadline for service of process, unfair and unconstitutional discrimination against Plaintiff, and partiality and unfair bias and prejudice against Plaintiff – all caused in the dismissal with prejudice of McGraw claim, and dismissal of the other claims pled. They are not Plaintiff's fault or neglect. They also caused Plaintiff to be deprived of the benefit of his claims and defendants to McGraw's allegations, in said original and originally removed action.

---

[69] Dkt. 6, filed on 12/8/2020, Cause No. 4:16-CV-04149, *Ernest Adimora-Nweke v. Steven C. McGraw, Hannah Yarborough-Smith et al*, U.S. District Court, Southern District of Texas, Houston Division.

Plaintiff is hated in the courts because Plaintiff handles very sensitive matters with serious or unimaginable damages; e.g., the civil rights obstruction of justice and *qui tam* claims from causes 4:19-CV-904 & 4:20-CV-01651 in the S.D of Tx, Houston Federal court. Plaintiff never brings frivolous claims. Plaintiff made every effort to serve parties, even without funds; in state court *and* in Federal Court. *See Dkt. 64 Exhibits*.

Upon removal of the case to Federal Court by McGraw, the same again occurred, which was futile to Plaintiff's case as Plaintiff was ultimately denied his fair due process and equal protection right to litigate all his claims and defenses as pled in the governing pleading; including claims and defense against McGraw and TxDPS as isolated in detail in Plaintiff's class action and summary judgment motion[70].

Plaintiff was subjected to the DIC-24 document on 11/14/2018. The DIC-24 document that contains contents to be provided Plaintiff orally and in writing before the officer makes such request, lacks Section 724.015(a)(6) of transportation code. Hence, it is void of mandated fair notice requirements prior to invasion of bodily integrity, as contemplated by Congress in enumerating Section 724.015(a), and for circumstances as applicable to Plaintiff on 11/14/2018.[71]

Plaintiff made a request for an ALR hearing on 11/16/2018, made the only reasonable entry selection in the system available, that the arresting officer did not request or properly request for a breath or blood sample. This ALR hearing request must be made within 15-days of 11/14/2018, or Plaintiff's driver's license gets suspended and subject to reinstatement fee.

Plaintiff, subject to 724.015(a)'s contemplated situation on 11/14/2018, meets the class of persons subject to the 724.015(a) notice. Without 724.015(a)(6) in a compliant DIC-24 form,

---

[70] Dkt. 17, filed on 12/25/2020, Cause No. 4:16-CV-04149.
[71] *See e.g.*, **Dkt. 51** filed on 09/23/2021, **Dkt. 53** filed on 09/30/2021, **Dkt. 56** filed on 12/8/2021, & **Dkt. 64** filed on 1/20/2020, Cause No. 4:16-CV-04149.

neither officer Wang nor any government person, may request a blood draw. *See Dkt. 64*, cause 4:20-CV-04149; *See also, See* Dkts. 6 pgs. 88 – 108; Dkts 16, 31, 51, 54, 56, 58, & 64 filed in cause 4:20-CV-04149, U.S. District Court, Southern District of Texas, Houston Division; *Tex. Code of Criminal Procedure 18.01(j)(2)*(granting magistrate authority to issue blood warrant upon *refusal* of a person to submit to breath of blood alcohol test.) (Emphasis added.); *Tex. Transp. Code §724.015(a)*(*"Before requesting ... "*)(Emphasis added.)

According to McGraw's evidence, TxDPS drafted and mailed Plaintiff a notice on 11/26/2018, 3 days before the 11/29/2018 15-day deadline to request an ALR hearing from TxDPS. The notice stated that Plaintiff did not properly enter his request or they did not receive it, and he has until the 15-day deadline to correct/make his request.

The 11/26/2018 drafted notice letter is deemed received by law 5 days after it is sent, hence at least 11/31/2018 or the following business day. Yet, Plaintiff had until 11/29/2018 to receive the 11/26/2018 cure notice and make the request.

Plaintiffs later received a notice of suspension in February 2019, with a notice of reinstatement fee requirement, on grounds of finding that Plaintiff (a) refused to provide a breath or blood sample, and (b) did not timely request an ALR hearing to dispute putative suspension.

Plaintiff did not receive the 11/26/2018 letter, and could not have received it by the statutory 15-day deadline which lapsed on 11/29/2018, when the letter is deemed received by law on at least 12/1/2018. Hence the order of suspension and reinstatement fee requirement is void of due process fair notice and hearing opportunity.

The Federal Court's adopted memorandum and opinion in Dkt. 50, 55, 60, & 61, are clearly errors of fact and law, and unconstitutional. Plaintiff has done enough to explain and reiterate the law, and provide them necessary evidence to support the well pled facts. Hence, the resulting

wrongful void judgements and orders are not Plaintiff's fault or due to Plaintiff's inexcusable neglect.

In Federal Court, Plaintiff filed an amended complaint with the contents of the FACTS section of this pleading[72]; Defendant McGraw filed a 12(b)(6) motion[73]; and Plaintiff filed a response to the 12(b)(6) motion[74], filed an amended summary judgment and motion to certify class[75] against McGraw and TxDPS, filed a motion to sever the McGraw and TxDPS claims from other claims pled against other defendants[76], filed a petition to proceed in the litigation without costs[77], and filed some disclosures & supplement to responses to the 12(b)(6) motions and motion to sever claims[78].

The case was referred to a magistrate.[79] Plaintiff did not consent to the magistrate, and neither did McGraw.[80] McGraw was represented by the Texas attorney general and his counsels in Federal Court. *Id.* In response to Plaintiff's petition to proceed without costs and at the hearing, McGraw requested and was granted that the petition be determined under 28 U.S.C Sec. 1915(e)[81], which is the same as a motion to dismiss the case on the merits under FRCP Rule 12(b)(6) standard. *See, 28 U.S.C Sec. 1915(e)(2)(B); Cf. Fed. R. Civ. Pro. Rule 12(b)(6)* The unjust discriminatory magistrate at the hearing, was clearly unfairly unconstitutionally biased against Plaintiff – as shown in his wrongful comment on Plaintiff's unsevered claims against other Defendants (e.g. civil rights, fraud, and breach of contract claim against other defendants) – per memorandum and

---

[72] Dkt. 6, Cause 4:20-CV-04149, filed on 12/08/2020.
[73] Dkt. 15, Cause 4:20-CV-04149, filed on 12/22/2020.
[74] Dkt. 16, Cause 4:20-CV-04149, filed on 12/22/2020.
[75] Dkt. 17, Cause 4:20-CV-04149, filed on 12/25/2020.
[76] Dkts. 22 & 23, Cause 4:20-CV-04149, filed on 1/01/2021 and 01/11/2021 respectively.
[77] Dkt. 34, Cause 4:20-CV-04149, filed on 03/09/2021.
[78] Dkts. 40, 41, 42, & 43, Cause 4:20-CV-04149, filed on 03/16/2021
[79] Dkt. 12, Cause 4:20-CV-04149, filed on 12/14/2020
[80] Dkt. 21, Cause 4:20-CV-04149, filed on 01/04/2021.
[81] Dkt. 40, Cause 4:20-CV-04149, filed on 03/15/2021.

recommendation of dismissal[82]. Plaintiff always made it clear that Plaintiff had no funds to serve parties, and made clear of his claims' merit by SCOTUS law and clear Texas statute.[83] Plaintiff even created a complying DIC-24 to illustrate the material and unconstitutional error at issue.[84]

The magistrate irrationally and unconstitutionally discriminated against Plaintiff to the favor of state actor defendant McGraw and TxDPS, and was unfairly prejudiced against Plaintiff; to the extent that, amongst others, he gave Plaintiff the following options at the hearing on 04/07/2020[85]: (a) accept dismissal of the case for failure to state a claim – which was allowed him under 28 U.S.C Sec. 19159(e)(2)(B)(ii) and 12(b)(6), or (b) withdraw the petition and Plaintiff has figure out how to fund and serve other parties himself. No deadline to serve parties was ordered. Plaintiff elected to withdraw the petition[86], but withdrew it without prejudice under the circumstance – as Plaintiff is and was still depleted of funds due to ongoing wrongful smear campaign, malicious prosecution, and liberty deprivation from putative Defendants Harris County, Houston Police Department, and their cohorts/co-conspirators.[87]

Eventually, Plaintiff was and is still unable to secure funds to serve additional parties, and severance of the claims and class action and summary judgment relief would have resolved the issue under the circumstances. But the court is biased against Plaintiff, to the deprivation of his equal protection and due process rights. They would enter a wrongful judgment against Plaintiff, and contrary to U.S. Supreme Court law, or governing laws, just to subject Plaintiff to more harm or costs, or a similarly biased and prejudiced Fifth Circuit appellate court that hates Plaintiff per

---

[82] Dkt. 50. Pg. 8 "...*bad business arrangement*..." Cause 4:20-CV-04149, filed on 03/15/2021
[83] **Dkt. 34** filed on 03/09/2021; **Dkts. 40, 41, & 42** filed on 03/16/2021; **Dkt. 47** filed on 04/08/2021; **Dkt. 51** filed on 09/23/2021; **Dkt. 53** filed on 09/30/2021; **Dkt. 58, pgs. 5 – 7**, filed on 12/10/2021; and **Dkt. 64, pgs. 11 – 14**, filed on 1/20/2022; Cause 4:20-CV-04149, U.S. District Court, Southern District of Texas, Houston Division.
[84] **Dkt. 2, pg. 311 of 352, filed on 12/4/2020, Cause 4:20-CV-04149; Exhibit 14.**
[85] Dkts. 46 – 49, Cause 4:20-CV-04149, filed on 04/02/2021 – 04/09/2021.
[86] Dkt. 47, filed on 04/08/2021, Cause 4:20-CV-04149.
[87] *See* **Dkts. 51 & 64**, filed on 09/23/2021 and 1/20/2022 respectively, Cause 4:20-CV-04149.

the results of Plaintiff's prior appearance – hence a futile appeal. Without funds, and finding Plaintiff unable to pay costs, Plaintiff cannot pay the appeal fee. Hence, the appeal of the judgments or orders challenged are also futile, and Plaintiff is further denied access to court, petition rights, equal protection rights, and due process rights to fairly litigate his claims and defenses before an impartial tribunal and/or judges.

Such is clearly not Plaintiff's fault but that of the prior court staff and judges' unconstitutional bias and prejudice against Plaintiff, TxDPS and McGraw wrongful act to deny Plaintiff of fair notice and hearing opportunity in the DIC-24 and any hearings, extrinsic fraud and malicious actions by other state and local government agencies to affect or deter Plaintiff's claims, and other reasons not Plaintiffs' fault or neglect.

Per Dkt. 6 in cause 4:20-CV-04149, and the below pled facts, Plaintiff clearly had and pled claims and defenses against McGraw and TxDPS, and against HYS, HPD, Harris County, and other Defendants. Per Dkts. 6 & 17 of cause 4:20-CV-04149, Plaintiff clearly had a summary judgment claim against Mc McGraw and TxDPS, and against HYS, HPD, Harris County, and other Defendants.

Per the challenged opinions and judgments from causes 4:20-CV-04149, the magistrate and federal court judge in said case clearly committed serious factual and legal error in dismissing the claims against McGraw and TxDPS, and in finding lack of cause for failure to serve parties. They clearly had an unfair bias and unfair prejudice against Plaintiff and against Plaintiff's claims. The Dkt. 50 magistrate memorandum and opinion, which was adopted by the court, contains clear unconstitutional bias and prejudice language, "… bad business agreement…" against Plaintiff and

his claims, to the extent it deprives Plaintiff of impartial tribunal and his equally protected due process rights; and hence voids the opinion, and the adopted challenged judgements.[88]

Plaintiff clearly made reasonable efforts to serve parties, filed various motions, stated clear that Plaintiff had no funds, and provided necessary affidavits. To serve Harris County via email under rules of procedure, Plaintiff had to knock door-to-door in his neighborhood to find someone (a) with an email, (b) who would also agree to get involved, (c) willing to email the citation as Harris County required, and (d) for free. Plaintiff succeeded on 1/3/2022, via the assistance of a Mr. Edwardo Torres, and filed the proof of service accordingly[89]; followed with the FRCP Rule 59(e) motion[90].

Plaintiff's FRCP Rule 59(e) motion shows the legal error in fact and law on the claims against McGraw and TxDPS. It also reiterates that Plaintiff made reasonable efforts to serve parties in state court and in Federal court, supported by material evidence that McGraw or his counsel excluded from the removal record. The excluded material evidence showed that the same motion for reconsideration on denial of service without costs, was the basis for serving McGraw. Hence, the other parties should have been served, and it is not Plaintiff's fault that parties were not served in state court as McGraw and the court alleged or wrongfully finds. The biased magistrate court again reviewed the motions, and (1) ruled contrary to FRCP Rule – including without giving Plaintiff a deadline to serve parties, (2) accepted a void and null state court ruling denying indigency and contrary to TCRP Rule 145, and (3) ruled contrary to U.S. Supreme Court, Texas Congress enumerated laws in Texas Transportation Code Sec. 724.015(a), Texas and U.S. Constitution 1st, 5th, and 14th Amendment rights of Plaintiff, and (4) ruled contrary to Fifth Circuit's

---

[88] *See Supra*, fn. 67.
[89] Dkt. 63, filed on 1/10/2022, Cause 4:20-CV-04149.
[90] Dkt. 64, filed on 1/20/2022, Cause 4:20-CV-04149.

binding ruling in *Bass v. Hoagland*, which allows Plaintiff the Section 1983 equitable challenge to his suspension order based on the unconstitutional DIC-24 form.

Plaintiff cannot be denied justice or access to courts due to lack of funds; or because Plaintiff is black, male, an attorney, of Nigerian origin or born, African or African-America, or such - as complained of in Attachment 1; or because the judge or court staff does not like him, his clients, or his claims; or because the judge or court staff are unfairly biased or bears prejudices against Plaintiff or his clients or his claims, or harbors unfair bias or prejudice in favor of Defendants personally or their defenses. Such are clearly what has continuously occurred, amongst others, and has resulted in the wrongful judgments and orders challenged. These error of law and fact, and the fundamental petition, equal protection, and due process violations, are not Plaintiff's fault or inexcusable negligence, and has resulted in the wrongful judgments and orders challenged.

Plaintiff has no adequate remedy in law or equity. Plaintiff cannot appeal as Plaintiff cannot pay any appeal fee. Per the attached recent affidavit, Plaintiff has no funds nor can Plaintiff afford to pay the appeal fee. Appeal to the fifth circuit would also be futile because Plaintiff is also a marked target in the fifth circuit. The fifth circuit judges have continuously and unconstitutionally denied Plaintiff of his equal protection, petition, and due process rights in prior groundbreaking cases. E.g., *Aguocha-Ohakweh et al v. Harris County Hospital District et al,* No. 17-20259; 731 Fed. Appx. 312, 2018 U.S. App. LEXIS 11556, 2018WL 2077907 (5th Cir. 2018) (Unpublished opinion).[91]

---

[91] In this case, the Chief Judge of the Fifth, who had a conflict of interest with the case, per her relationship with Defendant Baylor College of Medicine's and their counsel firm Andrews Kurth in the case, inserted herself in the panel of judges ruling on the case, and wrongfully affirmed the appealed void judgment from the trial court. Aside of the invalidity of the trial court's judgment, the fifth circuit's affirmation judgment was void just on such fundamental or unconstitutionally unauthorized judicial conflict-of-interest, lack of impartiality, or "fraud by the court" conduct. *See e.g., Liteky v. United States,* 510 U.S. 540 (1994); *Rosas v. State,* 76 S.W.3d 771, 775 (Tex. App. – Houston [1st District] 2002, no writ history); *Marshall v. Jerrico,* 446 U.S. 238, 242 (1980) *Bass v. Hoagland,* 172 F.2d. 205, 209

The Fifth Circuit affirmed void trial court judgments,[92] granted without fair hearing or fair hearing opportunity for Plaintiff and his clients, on a motion to dismiss filed by Texas State agency defendant, Baylor College of Medicine, and its co-defendant in the case - Harris County Hospital District, alleging that Plaintiff failed to state a federal civil claim for constitutional rights violations, on pleading that contained allegations of amongst others, (a) a forged and criminally fraudulent medical consent form and medical records fraudulently created, altered, and concealed by state and local government agencies Harris County Hospital District and Baylor College of Medicine, and their staff, medical officials, and executives; and (b) lack of consent to withhold or withdraw life-sustaining treatment to Plaintiff's client, and violation of due process statutory requirements of Texas Health & Safety Code Chapter 166.  Plaintiff in that case sufficiently pled equal protection, procedural due process, and substantive due process violations, and injuries resulting from said violations in over 70 pages of detail of the facts.  Yet the unconstitutionally biased, irrational, unfairly prejudiced against Plaintiff, federal trial court in said case, just as the the federal trial court did in this case, unconstitutionally refused to acknowledge the law and the pled facts when Plaintiff is involved, ruled that Plaintiff failed to state a federal civil rights claim, and issued "manifestly unconscionable" orders of dismissal with prejudice that result in "grave miscarriage of justice" to Plaintiff, United States, State of Texas, and the public at large

In other words, when Plaintiff is involved in cases, the Southern District Federal Court and Fifth Circuit holds or rules, contrary to U.S. Constitution, that Plaintiff and his clients or similarly

---

(5ᵗʰ Circ. 1949), cert denied, 338 U.S. 816 (1949); *U.S. Const. Amd V; Amd. XIV, Sec. 1*.  Other facts and issues raised as to the invalidity of the judgments, including due process rights deprivations and unfair prejudice against Plaintiff and clients in federal court that result in grave miscarriage of justice and manifest unconscionable rulings/judgments, are documented on file in Cause 4:20-CV-01651 in U.S. District Court, Southern District of Texas Houston Division, Dkts. 49 & 50, filed on 12/30/2020 (accessible via www.Pacer.gov)
[92] *Emily Jean Aguocha-Ohakweh et al v. Baylor College of Medicine et al*, Civil Action 4:16-CV-903, Docs. 312, 322, & 323 (S.D. Texas 2017)

situated persons, lack e.g., equally protected petition rights, and substantive and procedural due process rights against deprivation of life and liberty without due process of law.

Such legally prejudicial rulings or judgments, contrary to U.S. Supreme Court law and U.S. Constitution, and even contrary to the Fifth Circuit's laws, shows the unfair discrimination against Plaintiff in the Federal Courts, and voids any of the federal district court in cause 4:20-CV-04149 & 4:22-CV-00765.

All of these issues complained of were material and causes or resulted in the judgments and orders challenged, and are not Plaintiff's fault or inexcusable negligence.

Since Plaintiff is prejudiced in Federal Courts, and lacks funds for filing fees & costs or appeal, Plaintiff lacks any adequate remedy for the challenged orders from cause 4:20-CV-04149 & 4:22-CV-00765; Plaintiffs' petition & due process rights were & remains irreparably denied; there lacks an appealable final judgment for USDC #s 4:23-mc-00976 & 4:23-mc-00964; & & Plaintiff lacks adequate remedy as the 4:23-mc-00976 & 4:23-mc-00964 actions are terminated & closed – per the attached docket print & filings from the 4:23-mc-00976 & 4:23-mc-00964 actions.

**Section III.**

<u>INTERIM RELIEF REQUESTED</u>

Plaintiff asks that this court review and grant a hearing or mini-trial on this independent action in equity complaint; vacate the challenged orders and judgments; grant Plaintiff a new trial on the issues/merits and claims; & grant all relief sought and any relief allowed by law and equity.

UNSWORN DECLARATION (NON-INMATE) My name is Ernest Adimora-Nweke, my date of birth is 11.05.1983, and my address is c/o Adimora Law Firm, 3050 Post Oak, Suite 510, Houston, TX 77056, USA. I declare under penalty of perjury that the contents of this document and the facts and allegations stated are true and correct and based on personal knowledge, information, and/or belief, and/or supported by evidence.

Executed in Harris County, State of Texas, on 08/18/2023. /s/<u>Ernest Adimora-Nweke.</u>

**Section IV.**
UNDERLYING CLAIM'S 42 USC §1983 FACTS & ARGUMENT: *McGraw* & TxDPS claim

**(As presented to SCOTUS in Cause 22-6773 Rule 44 Rehearing Motion)**

TX DPS' promulgated[93] statutory warning form, the DIC-24 form,[94] is void

for non-strict compliance[95] w/ Tex. Transp. Code. §724.015(a)'s required statutory

contents,[96] since 2011. Petitioner was subject to the void DIC-24 form in a DWI

matter, on 11/14/2018.[97] The version used against Petitioner in 2018 was void for

omitting §724.015(a)(6).[98] Hence Petitioner has standing.[99]

In 2021, TX Congress Amended §724.015(a) to include §(a)(8).[100] The current

DIC-24 form remains void of fair notice for *inter alia*, non-compliant with the 2011 &

2021 amendment to §724.015(a)'s requirements. §724.015(a)(6) remains

omitted.[101]

---

[93] *See*, Tex. Transp. Code §724.003 ("RULEMAKING. The department and the State Office of Administrative Hearings shall adopt rules to administer this chapter.")

[94] *Writ* Appx. 145, 148, 230, & 465.

[95] *Accord*, **BankDirect Capital Finance, LLC v. Plasma Fab, LLC.**, 519 S.W.3d 76, 78 (Tex. 2017) ("Today's case asks whether a notice provision in the Texas Premium Finance Act should be read as written, or instead whether the Court should adopt a 'substantial compliance' approach that excuses slipups. We opt for the former. The Legislature has codified 'substantial compliance' throughout Texas law — including in other Insurance Code notice provisions — forgiving less-than-strict conformity with various statutory commands. But it did not do so here. We decline to engraft what lawmakers declined to enact... This notice requirement is unambiguous, & '[w]here text is clear, text is determinative.' Plain language disallows ad-libbing, a cardinal principle we have reaffirmed regularly...The Legislature 'expresses its intent by the words it enacts & declares to be the law.' Our refusal to engraft a 'substantial compliance' exception seems particularly prudent given how ubiquitous 'substantial compliance' is throughout Texas law.")

[96] *Writ* Appx. 68 – 69. *See also*, *Writ* Appx. 153 & 453 (Contains Petitioner's proposed-compliant statutory warning sheet, prepared & presented in the original action USDC # 4:20-CV-04149, Filed 12/4/2020; proposed before TX congress amended §724.015(a) to include §724.015(a)(8) in Sept 2021); *See also*, **Bostock v. Clayton County, Georgia**, 140 S. Ct. 1731, 1737 (2020) ("When the express terms of a statute give us one answer & extratextual considerations suggest another, it's no contest. Only the written word is the law, & all persons are entitled to its benefit.").

[97] *See*, *Writ* Appx. 148, 230 – 232; *Cf. Writ* Appx. 153 & 453.

[98] *Writ*, Pg. 13.

[99] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992).

[100] *See*, *Writ* Appx. 69, 68 – 69; *Cf. Writ* Appx. 231 – 232.

[101] *Writ*, Pg. 13; *See also*, Tex. DPS Peace Officer Statutory Warning Form, DPS Internet Form No.

Upon draft of this Rule 44 Motion, Petitioner noticed the TXDPS link to the current 2021 amended DIC-24 form, cited in Petitioner's filed 11/14/2022 *Writ*, was displaced by TxDPS. Hence, material cited & hyperlinked evidence – the current void & also challenged DIC-24 form – was likely not previously presented to this Court upon review. Petitioner has included the TX website download source page for the DIC-24 forms, & a copy of the DIC-24 form as Exhibit 1 to this [cert.] Petition.[102] The omission of such material "best" evidence doc., is grounds for Rule 44 writ rehearing.

***

Procedurally, the DIC-24 form is important for due process fair notice that triggers state authority for temporary driver's license revocation, for state authority to institute civil ALR proceedings, & for state authority to issue a warrant for blood draw, e.g., in related DWI criminal actions or proceedings.[103]

Hence its non-compliance materially prejudices the defense rights & case of blood draw subjects in related (e.g., DWI) criminal proceedings;[104] & subjects are therefore subjected to unreasonable searches & seizures, with evidence of such used against them in criminal proceedings, contrary to 4th Amendment. *Id.*

Such materially prejudices subjected citizens' liberties, e.g., Petitioner; as it also subjects or harms 4th, 5th, 6th, & 14th Amend. U.S. Const.[105] due process right against illegally (i.e., warrantless) obtained evidence, or risk of such evidence used

---

DIC-24, Avail via Tx DPS forms website: https://www.dps.texas.gov/internetforms/Home/Details/236 & @ https://www.dps.texas.gov/internetforms/getForm.ashx?id=DIC-24.pdf; retrieved on 5/1/2023.
[102] *Id.*; *See also*, Exhibit 1 (Retrieved from TxDPS website on 5/1/2023)
[103] *Writ*, Pg. 13-15
[104] *Writ*, Pg. 14-15
[105] *See*, U.S. Const. Amd(s) IV, V, VI, & XIV

against them in related criminal proceedings;[106] & also prejudices, subjects, &/or harms their right to fair defense & fair trial on any related criminal proceedings.[107]

Per Petitioner's Related §1651 Writ,[108] such harm occurred against Petitioner. Illegally obtained blood evidence alleged to be Petitioner's blood, & testimonies on said void warrant & illegal obtained evidence, were used against Petitioner at the void criminal conviction trials of related HC Cause #s 2233594 (DWI) & 2233595 (public interference w/ public duties), contrary to Petitioner's pre-trail written objections & suppress motions, contrary to Petitioner's 4th & 14th Amd. U.S. Const. right against unreasonable search & seizures, & contrary to exclusionary rule.[109]

The void DIC-24 form illegally results in denial of required statutory fair due process notice rights, denial of fair defense rights, & bodily integrity rights, which along with the un-impartial judge, caused the void challenged convictions raised for HC Cause #s 2233594 & 2233595, in Petitioner's recently submitted related §1651 writ of cert.[110]

Hence, there are new intervening circumstances of a substantial & controlling effect (i.e., liberty interests effectively irreparably harmed per the void DIC-24 form), & substantial grounds not previously presented ((1) the current void DIC-24 form, &

---

[106] *Mapp* v. *Ohio*, 367 U.S. 643 (1961); *See also*, *Kaufman v. United States*, 394 U.S. 217, 229 (1969) (discussing 4th Amd. U.S. Const. unreasonable search & seizure clause, & policy of exclusionary rule for illegally obtained evidence); *See also*, e.g., *Riley v. California*, 134 S.Ct. 2473 (2014) (discussing 4th Amd. U.S. Const. unreasonable search & seizure protections, & exceptions to warrantless search)

[107] *See e.g.*, *U.S. v. Dimberio*, 56 MJ 224 (C.A.A.F. 2001) ("...a defendant has a constitutional right to present a defense. Citing *Washington v. Texas*, 388 U.S. 14 (1967)).

[108] *In re Ernest Adimora-Nweke*, U.S. Supreme Court ("SCOTUS") Cause # _____, Petition for [Related] Writ of Certiorari ("Related Writ"), Filed ~4/13/2023; See SCOTUS Cause # 22A975.

[109] Related *Writ*, at Pg. 47 – 57.

[110] *Id* at Pg(s). 54, & 47 – 54.

(2) challenged void judgments[111] & orders resulting from cause #s 2233594 & 2233595, which were partly caused by the challenged void TX DPS' DIC-24 & its resulting lack of authority of magistrate to issue search warrant[112]); as compelling rehearing basis.

The statutory strict compliance *vs* substantial compliance notice issue raised with the DIC-24 form,[113] is important nationwide; as it triggers fair notice – a fundamental due process right required for jurisdiction of govt authorities to invade civil liberties; & applicable in both civil & criminal proceedings.[114] Hence, TX Supreme Courts' sound reasoning need re-affirmed as standard for statutory notice compliance, for Petitioner & TX citizens; & nationwide by SCOTUS, for U.S. citizens.

Such is more compelling reason to grant rehearing & writ on Issue 2(A)(I).

\*\*\*

Substantively, the DIC-24 form is important to protect Petitioner & §724.015(a) subjects' substantive due process privacy & bodily integrity liberty

---

[111] Related *Writ*, Appx. 71 – 78, 1776 – 1778, 1788 – 1800, 1806 – 1818
[112] *See*, Related *Writ*, at Pg. 47 – 50; Related *Writ*, Appx. 1788 – 1800.
[113] *Writ*, Pg. 15.
[114] *U.S. Const. Amd. XIV*; *Baldwin v. Hale*, 68 U.S. 223, 233 (1863) ("Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified. Common justice requires that no man shall be condemned in his person or property without notice and an opportunity to make his defence."); *Mullane v. Central Hannover Bank & Trust Co.*, 339 U.S. 306, 314 – 315 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.... The notice must be of such nature as reasonably to convey the required information... and it must afford a reasonable time for those interested to make their appearance...")

rights;[115] & important protect against intrusions of such substantive rights via

unreasonable searches & seizures by state actors.[116]

Such const. rights violations are enjoin-able under 42 U.S.C. §1983 against

said state actors;[117] & caused damages actionable against state actor "persons" for

such deliberate indifferent amounting actions, failure to train;[118] failure to supervise

or supervisory acquiescence or participation in the constitutional rights violations;[119]

for conspiracies;[120] & for deliberate indifferent wrongful customs or practices,[121]

under §1983,[122] §1985,[123] & §1986 – as applicable for Petitioner.

---

[115] *Rochin* v. *California*, 342 U.S. 165, 172 (1952) ("Illegally breaking into the privacy of the petitioner, the struggle to open his mouth & remove what was there, the forcible extraction of his stomach's contents… is bound to offend even hardened sensibilities"); *Schmerber* v. *California*, 384 U.S. 757, 772 (1966) ("The integrity of an individual's person is a cherished value of our society"); *Winston* v. *Lee*, 470 U.S. 753, 759 (1985) ("A compelled surgical intrusion into an individual's body for evidence… implicates expectations of privacy and security of such magnitude that the intrusion may be 'unreasonable' even if likely to produce evidence of a crime"); Griswold v. Connecticut, 381 U.S. 479, 484 - 485 (1965)*; Curzan v. Missouri Dept. of Health*, 497 U.S. 261 (1990)
[116] *See, Mapp* v. *Ohio*, 367 U.S. 643 (1961)
[117] *Gerstein v. Pugh*, 420 U.S. 103, 107 (1975); 28 U.S.C. §1343(a)(3) & §1343(a)(4); *Gibson v. Berryhill*, 411 U.S. 564, 573 (1973) ("…actions brought under the Civil Rights Act of 1871, 42 U.S.C. §1983, were within the 'expressly authorized' exception to the ban on federal injunctions. *Citing, Mitchum v. Foster*, 407 U.S. 225 (1972)")
[118] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–91 (1989)
[119] *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) ("[S]upervisors 'can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others.'").
[120] *Dennis v. Sparks*, 449 U.S. 24 (1980); *Wallace v. Kato*, 549 U.S. 384, 397 (2007).
[121] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).
[122] 42 U.S.C. §1983; *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Villages of Willowbrook v. Olech*, 528 U. S. 562 (2000); *Taylor v. Riojas*, 141 S. Ct. 52 (2020).
[123] 42 U.S.C. §1985; *See also, e.g., Kush v. Rutledge*, 103 S. Ct. 1483 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 97 (1971); *Hoopes v. Nacrelli*, 512 F. Supp. 363, 368 (E.D. Pa. 1981) (if city council's and mayor's requests for information about pending federal investigation, threats of sanctions for refusing to answer, and suggestions plaintiff was not performing his job as police chief were intended to deter plaintiff from testifying at trial, then § 1985(2) violated)

Petitioner pled & raised these issues in the governing wrongly dismissed complaints,[124] & in the class action & partial summary judgment motions filed in the original & independent actions with causes 4:20-CV-04149[125] & 4:22-CV-00765[126] respectively.

Hence, the (1) continued irreparable harm on liberty & privacy rights of citizens' liberty; (2) continued subjection to unreasonable search & seizures (via void searches & seizures w/ blood warrants issues by magistrates that lack Tex Code of Crim. Pro. 18.01(j) authority); & (3) illegal prejudice to subjects' criminal defense; all resulting from the still void DIC-24 form, & use of illegally obtained blood & other evidence against Petitioner & similarly situated §724.015(a) subjects in criminal proceedings; are compelling grounds to grant rehearing & writ on Issue 2(A)(I).

### As presented to SCOTUS in Cause 22-6773 writ of cert

**Issue 2(A)(I):** Whether Texas Department of Public Safety's DIC-24 statutory warning form, required for implied consent to breath or blood draw of subjects, is void of due process fair notice for non-compliance with Tex. Transp. Code §724.015(a)(6) & (a)(8); & warrant the pled-proposed class action injunction & rectification.

### TxDPS's DIC-24 statutory warning lacks fair notice; a basis for §1983 claim.

The DIC-24 statutory warning form is promulgated by Texas Department of Public Safety[127], for use in situations contemplated per Tex. Transp. Code §724.002 & §724.011.[128] Petitioner was subjected to the DIC-24 form contents, by HPD officers, on the night of 11/14/18, upon a suspicion of DWI arrest.[129]

---

[124] *Writ*, Appx. 107-140; 141-255; 313-340; 341-359; 583-585.
[125] *Writ*, Appx. 441-467; 470-482.
[126] *Writ*, Appx. 256-276; 360-382; 419-440.
[127] *See, Tex. Transportation Code §724.001(7); §724.003; §724.032(d).*
[128] *Id. at §724.002 & §724.011.*
[129] Appx. 122–126; 146–148.

Petitioner requested an irrelevant §724.041 Administrative License Revocation ("ALR") Hearing on 11/16/18 (Appx. 141–**146**); within the §724.015(a)(7) 15-day request period that statutorily lapsed on **11/29/18**. TxDPS's allegedly drafted & post-mailed a 11/26/18 notice-to-cure hearing request to Petitioner's office, not to his home address as stated on the driver's license.[130] Petitioner never received the 11/26/18 notice letter; nor could have received it by the statutory 5-days mail transmission period[131] (i.e., by **12/1/18**), to still make any modified §724.041 hearing request by the statutory request deadline: **11/29/2018**.[132] Petitioner was denied the ALR hearing,[133] his driver's license **un**justly suspended,[134] & Petitioner is subject to a $125.00 reinstatement fee;[135] all without authority,[136] nor any fair notice & hearing opportunity.[137]  NOTE: Per **Appx. 168**, 1/14/2018 **Order** of Suspension was received on 01/19/**2019**.  Appx. 168 errs stating that Notice was received on 1/19/2018.

The applicable versions of the DIC-24 statutory warning form at issue, are the versions in place post the 2011 & 2021 Texas congress amendments of §724.015(a).[138]

---

[130] Appx. 166.

[131] *Id. at §724.033(b)* (mail correspondences deemed received 5-days after TxDPS' dispatch.).

[132] Appx. 179-180; 181-200; 202; 208; 216-218; **265.**

[133] Appx. 167; **259**; 262-266.

[134] Appx. 164-165; 124; 259; 265.

[135] *Tex. Transp. Code §724.046*; Appx. 124; 190; 202; 213; 259; 265; 283.

[136] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("'The fundamental requisite of due process of law is the opportunity to be heard'… This right to be heard has little reality or worth unless one is informed that the matter is pending & can choose for himself whether to appear or default, acquiesce or contest… [Notice] must apprise interested parties of the pendency of the action & afford them an opportunity to present their objections,… must be of such nature as reasonably to convey the required information,… [&] must afford a reasonable time for those interested to make their appearance…" (Citing *Milliken* v. *Meyer*, 311 U.S. 457 (1940); *Grannis* v. *Ordean*, 234 U.S. 385 (1914); *Priest* v. *Las Vegas*, 232 U.S. 604 (1914); & *Roller* v. *Holly*, 176 U.S. 398 (1900))).

[137] *Cf.*, *Bell v. Burson*, 402 U.S. 535 (1971) (fair due process notice & hearing required before driver's license revocations).

[138] Appx. 145; 465.

Houston Police Department ("HPD") Officers used a copy of the pre-2021 amendment version against Petitioner on the night of 11/14/2018.[139]  It lacks §724.015(a)(6).[140]

The 2021 Texas Congressional amendment of §724.015(a), simply added an additional subsection, §724.015(a)(8); with additional statutory disclosures to be provided citizens/subjects, orally & in writing, as required under §724.015(a).[141]

Petitioner, while drafting this *certiorari* writ, noticed online at TxDPS' website **(https://www.dps.texas.gov/Internetforms/Forms/DIC-24.pdf)** that TxDPS adjusted the DIC-24 warning in 9/2021, post the 2021 amendment of §724.015(a), & during the original litigation, to unreasonably & inconspicuously include the §(a)(8) 2021 Congress amendment's addition. *Yet* the current version still excludes §(a)(6)[142].

Hence, Texas' DIC-24 form & statutory warnings, have been void since 2011;[143] & is *prima facie* self-authenticating proof of deliberate indifference to due process implied consent right of **each** subject, per its continued excluded §(a)(6).

The contents of the DIC-24 form, is supposed to contain the statutory required fair notice disclosures enumerated in §724.015(a); required for implied consent authority of government to vest, for the sake of blood or breath draw of subjects.[144]

The deficiency of the DIC-24 forms as to required enumerated disclosures, trigger both procedural due process fair notice issues, & substantive due process liberty, privacy, & bodily integrity violation issues, with remedies for the resulting

---

[139] Appx. 171.
[140] *Id.*
[141] Appx. 68-69.
[142] Appx. 68; *See also*, **https://www.dps.texas.gov/Internetforms/Forms/DIC-24.pdf**; *See also*, Appx. 508-511.
[143] *Id*; *See also*, Appx. 69; 230-232.
[144] *See, Tex. Transp. Code §724.015(a)(1)–(a)(8)*; *§724.003*; Appx. 123; 508.

harm(s) available to citizens under 42 U.S.C. §1983.[145]

Oral & written provision of the statutory warnings of §724.015(a)(1) – (a)(8), to subjected citizens, are also prerequisites before govt. can request a citizen to submit to a breath or blood draw, & before any citizen's "refusal" logically occurs.[146]

The term "refusal" is an important prerequisite on the civil aspect, as it vests any jurisdictional authority of government to (1) admit the refusal in subsequent prosecution;[147] (2) permanently or temporarily suspend, revoke, or deny the subject's license to operate a motor vehicle – including as allowed in Subchapter C;[148] (3) institute any Subchapter D Administrative Hearings,[149] or compel hearing requests by the 15-day deadline from the subject, which triggers the citizen-subject's motor vehicle license revocation, suspension, or denial;[150] or (4) require any motor vehicle license reinstatement fees, costs, or charges from or the citizen-subject.[151]

For criminal proceedings, "refusal" vests the jurisdictional authority of government to apply for or issue a search warrant authorizing a blood specimen to be taken from the citizen-subject.[152]  But Ch. 724 & its provisions & proceedings, are strictly civil matters, & mutually exclusive from any related criminal proceedings.[153]

---

[145] *See, U.S. Const. Amd. XIV, §1; See also, 42 U.S.C. §1983; Accord, Ex Parte Young,* 209 U.S. 123 (1908); *Goldberg v. Kelly,* 397 U.S. 254 (1970); *Armstrong v. Manzo,* 380 U.S. 545, 550-552 (1965) (holding that subsequent hearing is no remedy for deprivation of due process notice & hearing, but vacating the entered orders or judgments); Appx. 135.

[146] *§724.015(a);* Appx. 128; 256; 262-263; 270.

[147] *§724.015(a)(1).*

[148] *§724.015(a)(2) & (a)(6); See also, Tex. Transp. Code Ch. 724, Subchapter C* ("SUSPENSION OR DENIAL OF LICENSE ON **REFUSAL** OF SPECIMEN"); *§724.031 et seq.*

[149] *Tex. Transp. Code Ch. 724, Subchapter D* ("HEARING"); *§724.041 et seq.*

[150] *§724.015(a)(7); §724.041 et seq.; §724.031 et seq.*

[151] *§724.046(a)-(c).*

[152] *Tex. Code of Crim. Pro. Art. 18.01(j).*

[153] *Tex. Transp. Code §724.048(a)-(c).*

Hence, *inter alia*, without the DIC-24 statutory warning notice form contents in strict compliance[154] with §724.015(a), government agents (1) lack authority to apply for or issue a warrant to obtain blood specimen from subjects; (2) lack authority to draw blood specimens from subjects; (3) lack authority to temporarily or permanently suspend, revoke, or deny subjects of motor vehicle operation privileges; (4) lack authority to institute Administrative Hearings, or compel hearing request deadlines; & (5) lack authority cause subjects any resulting penalty, fees, or costs.

Without the DIC-24 form in strict compliance with §724.015(a), the state only has authority to obtain a search warrant to collect the subject's breath sample.[155] & therefore, all or a super-majority of blood samples collected since 2011, & collected pursuant to Tex, Transp. Code. Ch. 724, & Tex Code of Crim. Pro. Art. 18.01(j), have been illegally obtained evidence,[156] unreasonably searched & seized without jurisdictional authority, from unconstitutionally invaded citizens or subjects.

Petitioner pled & raised these issues in the governing complaints,[157] & in the

---

[154] *Accord,* ***BankDirect Capital Finance, LLC v. Plasma Fab, LLC.,*** **519 S.W.3d 76, 78 (Tex. 2017)** ("Today's case asks whether a notice provision in the Texas Premium Finance Act should be read as written, or instead whether the Court should adopt a 'substantial compliance' approach that excuses slipups. We opt for the former. The Legislature has codified 'substantial compliance' throughout Texas law — including in other Insurance Code notice provisions — forgiving less-than-strict conformity with various statutory commands. But it did not do so here. We decline to engraft what lawmakers declined to enact... This notice requirement is unambiguous, & '[w]here text is clear, text is determinative.' Plain language disallows ad-libbing, a cardinal principle we have reaffirmed regularly...The Legislature 'expresses its intent by the words it enacts & declares to be the law.' Our refusal to engraft a 'substantial compliance' exception seems particularly prudent given how ubiquitous 'substantial compliance' is throughout Texas law."); ***Bostock v. Clayton County, Georgia,*** **140 S. Ct. 1731, 1737 (2020)** ("When the express terms of a statute give us one answer & extratextual considerations suggest another, it's no contest. Only the written word is the law, & all persons are entitled to its benefit.").

[155] *Id.; Accord, Tex. Code of Crim. Pro. Art. 18.01(j).*

[156] *Accord, Franks v. Delaware,* 438 U.S. 154, 166 – 171 (1978).

[157] Appx. 107-140; 141-255; 313-340; 341-359; 583-585.

class action & partial summary judgment motions filed in the original & independent actions with causes 4:20-CV-04149[158] & 4:22-CV-00765[159] respectively.

Petitioner also duly raised the issues before Fed. 5th Circ.[160] Petitioner also raised these issues in his disregarded FRAP 24(a)(5) motion for appeal & extraordinary writ,[161] in his denied motion for reinstatement, & in his denied 8/17/22 reconsideration motion;[162] all in Fed. 5th Circ Case# 22-20269.

The trial courts & appellate courts have ruled contrary to governing laws,[163] & acted contrary to basic acceptable constitutional standards.[164] Such results in (a) invidious, insidious, & irrational discrimination against Petitioner, to the deprivation of his petition[165] & due process rights, & to the deprivation of equal protection & due

---

[158] Appx. 441-467; 470-482.

[159] Appx. 256-276; 360-382; 419-440.

[160] Appx. 498; **503-530**.

[161] Appx. 503 ("Doc. 00516417289 in Case: 22-20269, filed on 8/2/22, Fed. 5th Circ.").

[162] Appx. 503 ("Doc. 00516436680 in Case: 22-20269, filed on 8/17/22, Fed. 5th Circ.").

[163] *BankDirect Capital Finance, LLC v. Plasma Fab, LLC* 519 S.W.3d 76 (Tex. 2017); *Ex Parte Young*, 209 U.S. 123 (1908); & *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Tex. Transp. Code §724.015(a)*; *42 U.S.C. §1983*; *U.S. Const. Amd. I, IV, V, XIV, §1.*

[164] *See e.g., Marshall v Jerrico Inc.*, 446 U.S. 238, 242 (1980) ("The Due Process Clause entitles a person to an impartial & disinterested tribunal in both civil & criminal cases. This requirement of neutrality in adjudicative proceedings safeguards... the prevention of unjustified or mistaken deprivations & the promotion of participation & dialogue by affected individuals in the decision-making process.... by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him. The requirement of neutrality has been jealously guarded by this [U.S. Supreme] Court."); *See also, Caperton v. A. T. Massey Coal Co.*, 556 U.S. 868 (2009); *Yick Wo v. Hopkins*, 118 U.S. 356 (1886); *Accord, Bass v. Hoagland*, 172 F.2d 205, 209 (5th Circ. 1949) ("We believe that a judgment, whether in a civil or criminal case, reached without due process of law is without jurisdiction & void, & attackable collaterally by *habeas corpus* if for crime, or by resistance to its enforcement if a civil judgment for money, because the United States is forbidden by the fundamental law to take either life, liberty or property without due process of law, & its courts are included in this prohibition.").

[165] *Hooks v. Wainwright*, 352 F.Supp. 163, 167 (M.D. Fla. 1972) ("...the constitutional protection of access to the courts is much broader, for it includes access to all courts, both state & federal, without regard to the type of petition or relief sought. *U.S. Const. Amends. I & XIV, § 1.*"); *Adams v. Carlson*, 488 F.2d. 619, 632 – 634 (7th Circ. 1973) ("'Access to the courts,' . . . is a larger concept than that put forward by the State. It encompasses all the means a defendant or petitioner might require to get a fair hearing from the judiciary on all charges brought against him or grievances alleged by him...");

process rights of similarly subjects of §725.015(a); & (b) void harmful orders.[166]

Such is sufficient compelling reason for this court to intervene, swiftly grant Petitioner's writ, & grant the class action & §1983 injunction remedies sought on the void DIC-24 form & the resulting petition, equal protection & due process rights deprivations, & irreparable harm on Petitioner & subjected-citizens.[167]

TxDPS's state-wide used DIC-24 form, & the §724.046 $125 reinstatement fee still required of Petitioner, also (a) vests legal action standing for Petitioner,[168] & (b) assures that Petitioner's continuously pled elements for class action[169] are met for Petitioner's warranted class action injunction relief sought[170].

That Petitioner filed his independent action in state court[171] was immaterial because an independent action in equity is a federal cause of action in equity;[172] federal claims can be raised in state court;[173] & logically, any requirement of

---

*BEK Constr. V. NLRB*, 536 US 516, 525 (2002) (..."the right to petition extends to all departments of the Government," & that "[t]he right of access to the courts is ... but one aspect of the right of petition.").
[166] *Bass v. Hoagland*, 172 F.2d 205, 209 (5th Circ. 1949); *See also*, *Bradley v. Fisher*, 80 U.S. 335, 343 (1871) ("Admit that the court may proceed summarily, still summary jurisdiction is not arbitrary power; & a summons & opportunity of being heard is a fundamental principle of all justice... Without then having summoned [Petitioner], & having given to him an opportunity to be heard, the court had no jurisdiction of [Petitioner]'s person or of any case relating to *him*. It is not enough that it have jurisdiction over the subject-matter of the complainant generally; it must have jurisdiction over the particular case, & if it have not, the judgment is void *ab initio.*").
[167] *Pulliam v. Allen*, 466 U.S. 522 (1984) (no absolute immunity from §1983 injunctions); *Accord*, *Ex Parte Young*, 209 U.S. 123 (1908); *See also*, Appx. 116–118; 124; 128–135; 149–152; 449–453; 512–530.
[168] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992).
[169] *See*, Fed. R. Civ. Pro. Rules 23(a), 23(b), & 23(c).
[170] Appx. 512-530.
[171] Appx. 107-414; 313; 341.
[172] *U.S. v. Beggerly*, 524 U.S. 38, 44-46 (1998) (discussing bill of review procedural remedy replaced by "independent action in equity," a federal "equity" original action.).
[173] *Driscoll v. Superior Court of Madera County*, 2014 WL 333411 (January 30, 2014, Cal. App. 5 Dist.) ("The Supreme Court has 'consistently held that state courts have inherent authority, & are thus presumptively competent, to adjudicate claims arising under the laws of the United State'... '[T]he presumption of concurrent jurisdiction can be rebutted [(1)] by an explicit statutory directive, [(2)] by unmistakable implication from legislative history, or [(3)] by a clear incompatibility between state-court jurisdiction & federal interests...' citing *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) & *Gulf Offshore*

Petitioner to seek review before a biased court or forum that deceptively issued the challenged void judgment, would be unconstitutionally futile.

In the latter, Petitioner would be unreasonably forced to subject himself to the same court or forum that denied him of petition rights. Any such requirement to attack, or seek review of void judgment only from the issuing court or federal courts, fails equal protection principles, & is unconstitutional due process.[174]

A void judgment is null *ab initio*; has no effect from the outset;[175] & can be collaterally attacked in any proceeding where raised.[176]  Petitioner was not restricted to collaterally attack the void judgments in federal court.  State court was allowed.

Post removal, the use of the term "bill of review" or "bill of review/independent action in equity" in the pleadings or documents filed[177] became irrelevant & moot.  In fed. court, pleadings are construed on pled facts & *Iqbal*'s plausibility contextual standard.[178] Petitioner factually pled elements & standard for independent action,[179]

---

Co. v. Mobil Oil Corp, 453 U.S. 473, 478 (1981).").

[174] *See, Bass v. Hoagland*, 172 F.2d 205, 209 (5th Circ. 1949); *Marshall v Jerrico Inc.*, 446 U.S. 238, 242 (1980); *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954); *Accord, People ex rel. Brzica v. Village of Lake Barrington*, 644 N.E.2d 66, 69 – 70 (Ill. App. 2nd Dist., 1994).

[175] *Accord, Commonwealth LAND Title Ins. Co. v. Nelson*, 889 S.W.2d 312, 318 (Tex.App. – Houston [14th Dist.] 1994, writ denied) ("...when a document is void or void *ab initio* it is as if it did not exist because it has no effect from the outset...").

[176] *Bass v. Hoagland*, 172 F.2d 205, 209 (5th Circ. 1949); *See also, People ex rel. Brzica v. Village of Lake Barrington*, 644 N.E.2d 66, 69 – 70 (Ill. App. 2nd Dist., 1994) ("A void judgment, 'that is, one entered by a court which lacks jurisdiction over the parties, the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, **in any court**, either directly or collaterally, provided that the party is properly before the court.'") (Bold emphasis added).

[177] *See, e.g.*, Appx. 107-414; 313; 341.

[178] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–1953 (2009); *See also*, Appx. 399-401.

[179] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Circ. 2011) ("...[f]ive elements of an independent action in equity: (1) a prior judgment which 'in equity & good conscience' should not be enforced; (2) a meritorious claim in the underlying case; (3) fraud, accident, or mistake which prevented the party from obtaining the benefit of their claim; (4) the absence of fault or negligence on the part of the party; & (5) the absence of an adequate remedy at law."); *U.S. v. Beggerly*, 524 U.S. 38, 47 (1998) (independent action in equity "available only to prevent a grave miscarriage of justice"); *Accord, Hazel-Atlas Co. v.*

similar to bill of review.[180]

Petitioner's proposed solution rectifies due process for all subjects.[181]

**Issue 2(B)**: <u>Whether Petitioner merited independent action, class action, & claims severance.</u>

<u>Independent Action-In-Equity</u>

*Pro se* Petitioner factually pled unreasonable search & seizure, equal protection, substantive due process, & procedural due process rights violation §1983 claims; as in **Issues 2(A)(I)** above.[182] Petitioner also pled & raised the issues & claims in the 1st & 2nd actions' governing complaints[183][184] & their respective class action motions.[185][186] Petitioner always pled §1983 claims; with due class actions.

In the independent action, *pro se* Petitioner sufficiently showed fraud or absence of fault that prevented Petitioner from benefiting from obtaining the benefit of the pled claims.[187] E.g., Petitioner also factually pled & submitted SJ evidence of deceptive due process wrongs that caused the failure of Petitioner to litigate his claims in the 1st action: E.g., magistrate's deceptive requirement of Petitioner to

---

*Hartford Co.*, 322 U.S. 238, 244 – 245 (1944) (court of equity authority to set aside final judgments after term available "where enforcement of the judgment is "manifestly unconscionable,…" (Citing *Pickford v. Talbott*, 225 U.S. 651, 657 (1912))).

[180] *Ross v. Nat'l Center for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (""Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or negligence by the movant."" (Citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 – 407 (Tex. 1979))").

[181] Appx. 512–529; **516–522**.

[182] *Supra*, Pg(s). 33-41. NOTICE: Issue 2(A)(II) presented in SCOTUS writ of cert in Cause #22-6773 is omitted, for simplicity and clarity of issues in this action/complaint; & shall be presented in due course via a separate equity action on those separate and independent issues & claims. All rights reserved.

[183] *See, e.g.*, Appx. 484-492; 339-340; 583-585; 1080-1173.

[184] Appx. 107-140; 313-359; 339-340.

[185] Appx. 441-467; 471-482.

[186] Appx. 256-276; 339-358; 360-381; 531-537.

[187] Appx. 107-120; 315-317.

withdraw his §1915 application or incur a FRCP Rule 12(b)(6) dismissal, with knowledge of Petitioner's financial constraints to serve additional parties; the subsequent dismissal of the 1st action under 12(b)(6)) with notice of Petitioner's cost bearing inability; & then post-judgment disposition knowing HC's notice-service.[188]

The repetitively & evidently pled substantive & procedural due process rights violations of citizens per the void DIC-24 form, & denial of rebuttal opportunities in HC liberty deprivation PC proceedings, show that grave miscarriage of justice occurred & still occurs in HC & Texas; show that the original action's dismissal was manifestly unconscionable, & also effectuates such injustice in HC & Texas; & show that the prior dismissals are void of due process, which 'in equity & good conscience' should not be enforced.  Petitioner pled no adequate remedy.[189]

Hence Petitioner warranted an independent action; & the denials, reversed.

<u>Class Action</u>

Petitioner pled detail facts to meet the FRCP Rule 23 class action factors or element, in both the governing complaints[190], & in class action-partial SJ motions.[191] Petitioner also attached class action SJ evidence to the governing pleadings & SJ motions[192]; or duly filed such before dismissal or removal[193].

Class action certification require a well pleaded complaint; must be certified "as soon as possible;" & is not based on the merits of the underlying action.[194]

---

[188] *Id*; Appx. 117-120; 119; 353-365.
[189] Appx. 120; 122; 317; 320; 321; 362; 365; 366.
[190] *See e.g.,* Appx. 1134-1173.
[191] *Supra.* fn(s). 17, 18, 65, 125, 183-184, 189.
[192] Appx. **141-171**; 256-275; **313-351**; 360-381; 419-421; 441-467; 470-482; 512-526.
[193] Appx. 419-425; 531-537.
[194] *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156 (1974); *See also, FRCP Rule 23.*

Since the class action motions & sufficient supporting evidence were on file pre-dismissal in both cases, the class action requests should have been granted. The denial or preclusion of said motions, a due process violation, must be rectified.

<u>Severance of Claims</u>

Petitioner's complaint in both actions contained invasion of privacy, false arrest, false detention, excessive force, & due process constitutional violation §1983 claims for damages[195] against some parties (e.g., HC, HPD, HCDA, & various individuals). It also contained the §1983 claims for injunction against TxDPS & HC, with TxDPS being a different party on a mutually exclusive issue.

Petitioners' requested severance of claims[196] was clearly warranted; to preclude the confusion of issues, claims, & parties that eventually resulted per the Federal District Court's dismissal order in USDC # 4:22-CV-00765.[197] Also, *inter alia*, Petitioner's false arrest & detention §1983 damage claims cannot be resolved via §1983 injunction. Hence, denial or preclusion of severance motions need reversed.

Such allows for optimal case management of issues, claims, & parties; & further assures that due petition & due process rights of all litigants are sustained.

---

[195] *See e.g.*, Appx. 431-432 (with "12/30/2022 Notes"); *See also e.g., Adimora-Nweke v. Yarbrough*, "Petitioner's Brief," Case No. 21-0800, Filed on 9/20/2021, Texas Supreme Court; *See also*, Appx. **1284-1364** (Court noticed, pled, & served evidence of resulting damages (*See*, Appx. 698, 743, 759, 760, 801, 1073, 1074, 1075, 1120, 1121, 1127, 1130, 1133, 1144). These are evidence of tortiously interfered &/or harmed business & clients, per the always pled 1st, 4th, & 14th Amend. civil rights violations in, *inter alia*, **HC Cause # 201917921**.); *See also*, Appx. 435-436.
[196] Appx. 420-432; 512-515.
[197] Appx. 17; *FRCP R. 21.*

**Section IV.**
**The below is copied & pasted as pled in the governing pleading of Cause 4:22-CV-00765**

- **Disclosure**: The documents cited to below are on file in U.S. District Court, Southern District of Texas, Houston Division, Cause No. 4:20-CV-04149 – *Ernest Adimora-Nweke v. Steven C. McGraw et al.* (accessible via www.Pacer.gov) The below is a copy of Dkt. 17's motion for summary judgment and motion to certify class against McGraw and TxDPS, filed in said cause No. 4:20-CV-04149, pre-dismissal. Only additions/adjustments are highlighted in yellow in this document/independent action complaint. The same's material contents were in the 4th Amendment to Original Complaint governing pleading (Dkt. 6), filed in federal court on 12/8/2020, in cause 4:20-CV-04149. The Dkt. 6 complaint was unconstitutionally dismissed on 12/21/2022, and post-judgment motion denied on 12/27/2022.

                                        ***

On 11/14/2018, HPD officers Wang and Terran, wrongfully arrested Plaintiff on a suspicion of misdemeanor Driving While Intoxicated ("DWI") charge. The merits of the arrest or charge are irrelevant at this moment, only that per the situation on 11/14/2018, Plaintiff was subject to Texas Transportation Code 724.015(a).

At no time pre or post arrest, and prior to requesting Plaintiff to provide any blood or breath specimen, did any Houston Police Department (HPD) officer ever inform Plaintiff of the following: "if the officer determines that the person is a resident without a license to operate a motor vehicle in this state, the department will deny to the person the issuance of a license, whether or not the person is subsequently prosecuted as a result of the arrest, under the same conditions and for the same periods that would have applied to a revocation of the person's driver's license if the person had held a driver's license issued by this state."

HPD and its officers use Texas Department of Public Safety's ("TxDPS") promulgated DIC-24 Statutory Warning document and its contents, as their means of providing the required Texas Transportation Code Section 724.015's enumerated oral and written notice and warnings. (Exhibit 1.6)

Amongst others, Plaintiff was rather subjected to the current DIC-24 statutory warning

document. (Doc. 2, pg. 176 of 352)

Director McGraw is the Director of Texas Department of Public Safety (Doc. 2, pgs. 341 – 348 of 352).

This DIC-24 statutory warning sheet is promulgated by Texas Department of Public Safety (TxDPS). It has been in place or use since September 2011. (Doc. 2, pg. 323)

The agency, acting under the authority of Director McGraw, drafts, enforces, and also makes the DIC-24 document available via their official TxDPS website with the weblink: https://www.dps.texas.gov/Internetforms/FormDetail.aspx?Id=236&FormNumber=DIC-24.pdf The actual document is available for download in TxDPS official website listed above, and via the following separate weblink: https://www.dps.texas.gov/Internetforms/getForm.ashx?id=DIC-24.pdf

After Plaintiff made bail, Plaintiff realized that the state actors – e.g. officer Wang – took Plaintiff's driver's license.

On 11/16/2019, Plaintiff immediately requested an Administrative License Revocation ("ALR") hearing to contest the license taking, as a precautionary measure (Doc. 2, pg. 174 of 352) by inputting information into the following TxDPS official website: https://www.dps.texas.gov/DriverLicense/customer_service/alr.aspx

In the ALR hearing request, Plaintiff made it clear that Plaintiff was never legally requested to give consent to the blood draw by entering the, "Not Requested to Submit" option. (Exhibit 1.6) Plaintiff sought to also make this clear at the ALR hearing.

Plaintiff was never legally notice of, nor granted an ALR hearing.

Plaintiff was sent a 01/14/2019 dated Order of Suspension in the mail, stating that Plaintiff's driving privilege was suspended from 12/24/2018 through 06/21/2019 because of

refusal to provide a specimen of blood or breath following the arrest. (Doc. 2, pg. 175 of 352, pg. 345 of 352)

Upon calling the Texas Department of Public Safety office in Austin, after receiving the 12/24/2018 order, Plaintiff understood that the license was suspended because the arresting officer, officer Wang, claimed/reported that Plaintiff refused to consent to a specimen draw; and that such refusal precluded any ALR hearing. Plaintiff made it clear that the officer did not seek consent as required by statute, and Plaintiff still requested a hearing (Doc. 2, pgs. 349 – 351).

Plaintiff's driving privilege was still justly deprived, per the suspension, without the required notice or ALR hearing. Plaintiff is subject to the $125 ALR reinstatement fee. This $125.00 ALR reinstatement fee is paid upon Plaintiff's renewal of his driver's license post its current term. This reinstatement fee payment is mandated because of the challenged TxDPS suspension. (*See* Order of Suspension, Exhibit 1.5) Plaintiff is also subject to increase in driver's insurance costs, per mandate SR-22 insurance for all prior suspended or revoked driver's licenses.[198]

Defendant responded to the suit in State Court, with Defendant's Exhibits A – E (Doc. 2 pgs. 345 – 352 of 352), and its defenses.

Plaintiff never received Defendant's Exhibit B (Doc. 2, pg. 347 of 352). It is worth noting that said Exhibits B was clearly not addressed to Plaintiff, as they do not bear Plaintiff's name, nor Plaintiffs' address shown by the records of TxDPS or address in officer Wang's report in Defendants' Exhibit E (Doc. 2, pg. 352 of 352) and Plaintiff's Exhibit 11 (Doc. 2, pg. 176 of 352).

Attached as Exhibit 1.1 is a screenshot of the following TxDPS website address contents: https://www.dps.texas.gov/Internetforms/FormDetail.aspx?Id=236&FormNumber=DIC-24.pdf

---

[198] *See also*, Underlined Hyperlink to Texas Department of Motor Vehicles instructions on SR-22 form: **SR22 Insurance in Texas | DMV.com.**

Attached as Exhibit 1.2 is a screenshot of the following TxDPS website address contents: https://www.dps.texas.gov/DriverLicense/customer_service/alr.aspx

Attached as Exhibit 1.3 is a copy of the DIC-24 form downloaded from the following website on 12/5/2020: https://www.dps.texas.gov/Internetforms/getForm.ashx?id=DIC-24.pdf

Exhibits 1.1 and 1.2 shows that the website bears/contains the official seal of Texas Department of Public Safety; as necessary per Federal Rules of Evidence authentication purpose. Plaintiff accessed the websites and took the screenshot of said websites on 12/05/2020 around 5:08pm.

Exhibit 1.2 contains the same website where Plaintiff entered information on 11/16/2018 to request the ALR hearing. There have been no changes, at least from Plaintiff's perspective or recollection, to the website in Exhibit 1.2 and its contents. Exhibit 1.2 is a good representation of the same website Plaintiff accessed on 11/16/2018, and entered the ALR hearing request information in Exhibit 1.4. After entry of the information, Plaintiff received the email system confirmation response in Exhibit 1.4 and Exhibit 1.4's contents.

Plaintiff accessed the website and weblink containing Exhibit 1.3 on 12/05/2020 around 5:40pm, and obtained the attached Exhibit 1.3.

Plaintiff also hereby attaches and submits another legible copy of Doc. 2, pgs. 174 – 176 of 353, as Exhibits 1.4, 1.5, & 1.6.

## 28 U.S. Code § 1746. Unsworn declarations under penalty of perjury

"I, Ernest C. Adimora-Nweke, Jr., Plaintiff in the above styled case and person with Tx DL# 09215101, declare, under penalty of perjury that the foregoing is true and correct, and based on my personal knowledge and/or belief. I am a resident of Harris County, over 18yrs of age, and possess the necessary capacity to make the foregoing statement. Executed on 12/25/2020."

§1983 Declaratory & Injunctive Relief

Plaintiff hereby moves for a partial summary judgment under Fed. R. Civ. Pro. Rule 56, seeking a declaratory judgment as allowed under Fed. R. Civ. Pro. Rule 57, and for a §1983 allowed injunction against Steven C. McGraw as Director of TxDPS, against any of his and state agency's (i.e. TxDPS') recognition or enforcement of the current DIC-24 statutory warning sheet, or any proceedings, notices, or orders resulting from the current DIC-24 statutory warning document; on the grounds that the DIC-24 document is unconstitutional – i.e. in violation of Texas Transportation Code 724.015, thereby subjecting or causing Plaintiff and similarly situated individuals to be deprived of U.S. and Texas Constitutional equal protection and due process right to proper Section 724.015 statutory warning notice; and subjecting or causing Plaintiff and similarly situated individuals to be deprived of their U.S. Constitutional due process and due course of law rights.  The §1983 injunction is allowed against state officials who purport to officially act on behalf of, or as agent of the State and/or State agencies. *See e.g.*, *Ex Parte Young*, 209 U.S. 123 (1908).  Also, an act against a state official in his official capacity, is an act against the State.  *Id.* at 203.  Eleventh Amendment of U.S. Constitution does not apply since the State, acting though its official agent, consented to the suit by removing the case to federal court. *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002). *See also*, *Meyers Benzing v. Texas*, 410 F.3d 236 (5th Circ. 2005).

Since Plaintiff is subject to a $125.00 reinstatement fee resulting from the use of the DIC-24 document, the continuous resulting subjection to or deprivation of Plaintiff's U.S. and Texas Constitutional equal protection, due process, and due course of law rights, and the revocations or suspension orders, and reinstatement fee requirement(s), constitute irreparable harm.

Such is because the DIC-24 document must be in compliance with Texas Transportation

Code 724.015, a procedural statute with substantive due process rights protections. Otherwise, Plaintiff and individuals subjected to the statute, must forego their equally protected and due process right to notice in compliance with Section 724.015 in order to avoid (a) immediate deprivation of their right to consent or refuse consent to the invasion of their bodily integrity, or (b) having their driver's license or driving privilege immediately deprived or infringed upon per Section 724.032(2); all and before an ALR hearing. *See, e.g., Steffel v. Thompson*, 415 U.S. 452, 463 n.12 (1974) ("[A] showing of irreparable injury might be made in a case where . . . an individual demonstrates that he will be required to forgo constitutionally protected activity in order to avoid arrest.").

### The DIC-24 statutory warning sheet is unconstitutional on its face and as applied.

This DIC-24 statutory warning sheet is promulgated by Texas Department of Public Safety (TxDPS). *Texas Transportation Code Sections 724.001(7) & 724.003. See also, Texas Transportation Code Sections 724.032(b) & 724.032(d) if applicable.*

As a mandatory statutory procedural statute, the DIC-24 document is required to be in strict compliance with Texas Transportation Code 724.015, and all its subsections required to be read to applicable persons before an officer requests any consent to collect a breath or blood sample. *Texas Transportation Code Sections 724.015* ("...the officer **shall** inform...) (bold emphasis added)

Thereafter, if the person refuses to provide a breath or blood sample, then the officer can execute required measures including taking the driver's license of the person, and instituting ALR proceedings. *Texas Transportation Code Sections 724.015(7); 724.032; 724.034*

Since the DIC-24 document is unconstitutional on its face, i.e. is not in strict compliance with mandated and enumerated requirement of Texas Transportation Code 724.015, neither Plaintiff nor any persons subjected to the DIC-24 document, is fairly noticed as required by Texas

Transportation Code 724.015. *See e.g., Schultz v. Performance Lighting, Inc.,* 999 N.E.2d 331, 335-336 (2013) (discussing statutory construction with statutory words as "shall" interpreted as mandatory statutory requirement and requiring strict compliance.); *See also, Pierce v. Underwood,* 487 U.S. 552, 569 – 570 (1988) (discussing mandatory language implications in statutes where "shall" is enumerated); *Maine Community Health Options v. United States,* 140 S.Ct. 1308, 1320 (2020) ("The first sign that the statute imposed an obligation is its mandatory language: `shall'"); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 35 (1998) (recognizing that "`shall' [n]ormally creates an obligation").

Also, since the DIC-24 document is clearly missing Texas Transportation Code Section 724.015(6), it is not in strict compliance with Texas Transportation Code 724.015, and is thereby null and void for being unconstitutional on its face for deprivation of Plaintiff's 14th Amendment equal protection and due process rights. *U.S. v. Stanley,* 109 U.S. 3, 11 (1883) (discussing nullity and void of state law that is contrary to 14th Amendment). *See also, Shelby County, Ala. v. Holder,* 133 S.Ct. 2612, 2648 (2103) (citing *United States v. Raines,* 362 U.S., at 23, 80 S.Ct. 519 (a statute capable of some constitutional applications may nonetheless be susceptible to a facial challenge only in "*that rarest of cases where this Court can justifiably think itself able confidently to discern that Congress would not have desired its legislation to stand at all unless it could validly stand in its every application*")") (Italics added); *See also, Bostock v. Clayton County, Gerogia,* 140 S.Ct. 1731, 1737 (2020) ("…When the express terms of a statute give us one answer and extratextual considerations suggest another, it's no contest. Only the written word is the law, and all persons are entitled to its benefit.")

Texas Legislature's intent is clear on the face of Section 724.015. It requires that all of the subsections 724.015(1) through 724.015(7) are informed Plaintiff orally and in writing. It clearly

uses the word "and" as the last word in 724.015(6). Hence, Texas Legislature clearly would not have desired for any oral or written information not in strict compliance with 724.015, to stand. 724.015 shows their unambiguous intent. Hence the DIC-24 document is facially unconstitutional.

Therefore, the unconstitutional DIC-24 document subjects or caused Plaintiff to be subjected to the deprivation of his 14th Amendment equally protection and due process right to oral and written notice in strict compliance with Texas Transportation Code 724.015. Since Director McGraw of TxDPS is in charge of promulgating and enforcing the document, Plaintiff is entitled to an injunction against Director McGraw of TxDPS and TxDPS' use, enforcement, and recognition of the unconstitutional DIC-24 document.

Since the DIC-24 document is facially unconstitutional, it is also unconstitutional as applied to Plaintiff.


**The ALR hearing and any orders resulting from the DIC-24 document are unconstitutional.**

Plaintiff was also deprived of his due process right to fair notice and ALR hearing opportunity. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

The ALR hearing document (Doc. 2, pg. 347 of 352) was not reasonably structured to assure that Plaintiff received it. Rather, it was drafted for "ASIMORA LAW FIRM" not Plaintiff, and drafted on a date that assures that it is not timely received by law. Hence, it was clearly unreasonably structured to assure that Plaintiff does **not** receive it. Such is contrary to U.S. Supreme Court rulings. *Armstrong v. Manzo*, 380 U.S. 545, 550 - 552 (1965); *Robinson v.*

*Hanrahan*, 409 U.S. 38 (1974).

Plaintiff was never provided fair notice of the ALR hearing as required by Texas Transportation Code including its Section 724.033. The document in Doc. 2, pg. 347 of 352 was clearly not addressed to Plaintiff in compliance with Section 724.033. There is also no evidence that it was ever sent to Plaintiff in compliance with 724.033(a), nor timely received pursuant to 724.033(b). Aside of the lack of evidence of being sent, the document shows that it was drafted on 11/26/2018. Per Section 724.033(b), it is deemed received – if it was ever sent – as of 12/1/2018. The 15-day deadline after 11/14/2018 falls on 11/29/2018 or 11/30/2018 at the latest. Therefore, by statute, Plaintiff never received said document in Doc. 2, pg. 347 of 352.

Since the document in Doc. 2, pg. 347 of 352 contains a statement that "if the 15-day time period has already lapsed, then this letter is notification of your denial for a hearing, as your request is untimely…," and Plaintiff never received said by law, yet already made the request per Doc. 2, pg. 174 of 352. TxDPS clearly received the request submitted and evidenced in Doc. 2, pg. 174 of 352, per the acknowledgement in Doc. 2, pg. 347 of 352: "We have received your request for an administrative hearing regarding the Notice of Suspension…."

Therefore, since TxDPS' response per Doc. 2, pg. 347 of 352, was drafted on a date that Plaintiff would be unable to receive it by law – i.e. 11/30/2018, Plaintiff was clearly also denied his due process right to fair notice and ALR hearing opportunity.

Therefore, any ALR proceeding or orders resulting from lack of an ALR proceeding, is null and void. *Bass v. Hoagland*, 172 F.2d. 205, 209 (5th Circ. 1949), cert denied, 338 U.S. 816 (1949) ("We believe that a judgment, whether in a civil or criminal case, reached without due process of law is without jurisdiction and void, and attackable collaterally by habeas corpus if for crime, or by resistance to its enforcement if a civil judgment for money, because the United States

is forbidden by the fundamental law to take either life, liberty or property without due process of law, and its courts are included in this prohibition.")

***

Plaintiff is also subjected to the deprivation of 14th Amendment equal protection and due process right against deprivation of his already acquired driving privileges without the required 14th Amendment U.S. Constitutional due process or the required Texas Constitution due course of law. *U.S. Const. Amd. XIV; Tex. Const. Art. 1, Sec. 13.* TxDPS' use of the unconstitutional DIC-24 document can or does result in the deprivation of or infringement upon one's driving privileges – e.g. via the officer taking possession of the person's driver's license per *Texas Transportation Code Section 724.032(2)* – if the officer finds, after reading the unconstitutional DIC-24 document, that the person refused to consent to the taking of a breath or blood specimen. See *Robinson v. State of Florida,* 378 U.S. 153, 156 (1964) ("[S]tate action, of a kind that falls within the prescription of the Equal Protection Clause of the Fourteenth Amendment, may be brought about through the state's administrative and regulatory agencies just as through the legislature."); *See also, Mahone v. Addicks Utility Dist. of Harris County,* 836 F.2d. 921, 929 (1988) (explaining 14th Amendment due process claims with U.S. Supreme Court holding that "the fourteenth amendment's due process safeguards also extend to the 'interests that a person has already acquired in specific benefits.'")

The void DIC-24 document is an absolute nullity from the start as it lacks force or effect. It cannot form the basis for any legal right or proceeding. *Norton v. Shelby County,* 118 U.S. 425, 442 (1886) ("An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.") Therefore, the use of the void DIC-24 document is equivalent to never

asking as all as required by Texas Transportation Code 724.015, and even equivalent to the State, officer, or TxDPS' failure to provide the constitutionally required notice. If one was never asked a required or mandated question, there is no obligation to respond; nor can one legally ever found to have refused something that was never asked as mandated by law. Had the DIC-24 included the red lettered proposal as Plaintiff proposed (Doc. 2, pg. 311 of 352), it would have provided the statutory required notice and warning, and would be constitutional at the time.

Most importantly, since Section 724.015 affects individuals' fundamental due process right to privacy and notice, one is never put on the constitutional and statutorily required fair notice of the repercussions of their rights, actions, or inactions. *U.S. v. Davis*, 139 S. Ct. 2319, 2333 (2019) ("And much like the vagueness doctrine, it is founded on "the tenderness of the law for the rights of individuals" to fair notice of the law "and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department.") Defendant McGraw, TxDPS, or State of Texas will have to provide that the DIC-24 is narrowly tailored to achieve a compelling interest, via the least restrictive means; which it/they cannot do because Section 724.015 is a mandatory enumerated requirement by Texas Legislature, on point for the contemplated situation. *See e.g, Washington v. Glucksberg*, 521 U.S. 1, 702, 720 - 721 (1973) (discussing heightened protection, "strict scrutiny," for deprivation of fundamental rights); *Schultz v. Performance Lighting, Inc., Pierce v. Underwood*, and *Maine Community Health Options v. United States, Supra*, pgs. 49-50.

Note that as determined by Texas Supreme Court's rules of Texas statutory construction, it is not within the court's jurisdiction to determine or intrude into Texas Legislature's policy intentions in the unambiguous enumeration of Texas Transportation Code Section 724.015's complete requirements. *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968) ("In passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the

Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable... The wisdom or expediency of the law is the Legislature's prerogative, not ours... 'There is a strong presumption that a Legislature understands and correctly appreciates the needs of its own people, that its laws are directed to problems made manifest by experience, and that its discriminations are based upon adequate grounds.'")

As discussed already, the continuous resulting subjection to or deprivation of Plaintiff's U.S. and Texas Constitutional equal protection, due process, and due course of law rights, and the revocations or suspension orders, and reinstatement fee requirement(s), all constitute irreparable harm; because Plaintiff and individuals subjected to the statute must forego their equally protected and due process right to fair notice in compliance with Section 724.015, by accepting or enduring TxDPS' unconstitutional DIC-24 warning version(s), in order to avoid deprivation of their procedural & substantive due process and equal protection rights. *See e.g., Supra, pg. 28 – 32.* Hence, per *Steffel v. Thompson*, Plaintiff and citizens subject to the DIC-24 document continuously incur irreparable harm. Such warrants an injunction against the use, recognition, and enforcement of the DIC-24 document.

***

Any resulting revocations, ALR proceedings, or TxDPS orders, that result from the use of the DIC-24 document, is also therefore unconstitutional and unenforceable. *See e.g., American Power Co., v. S.E.C.*, 329 U.S. 90, 108 (1946), ("Wherever possible, statutes must be interpreted in accordance with constitutional principles... But should the Commission neglect to follow the necessary procedure in a particular case, such failure would at most justify an objection to the administrative determination rather than to the statute itself...") Plaintiff is not contesting or

objecting to Texas Transportation Code Section 724. Rather, Plaintiff contents the commissioned agency's (i.e. TxDPS's) administrative determination based on its unconstitutional DIC-24 document and TxDPS ALR proceedings. Plaintiff also contests any TxDPS orders or reinstatement fee requirements resulting from TxDPS' unconstitutional DIC-24 document, unconstitutional ALR proceedings, and unconstitutional orders.

Since Plaintiff was denied of fair ALR notice and hearing opportunity, the resulting order of suspension and license revocation is therefore unconstitutionally void for being issued in violation of Plaintiff's 14th Amendment due process right. *Bass v. Hoagland*, 172 F.2d. at 209.

The resulting $125 reinstatement fee order or requirement resulting from the use of the unconstitutional DIC-24 document, and the unconstitutional order of suspension, is also a void requirement or order. *Id.*

Since the DIC-24 document subject or causes Plaintiff and similarly situated citizens to be subjected to an ALR proceeding, the ALR proceeding and any orders resulting from the DIC-24 document, including order to pay a reinstatement fee, must be deemed as void. But for the unconstitutional DIC-24 document, Plaintiff and similarly situated citizens would not be subjected to an ALR proceeding. Such is clear because Texas Transportation Code Subchapter D and its Section 724.041 governs the ALR hearing. *Texas Transportation Code Subchapter D, §724.041.* Per Section 724.041(a), notice of suspension or denial under Section 724.032(a) triggers the ALR hearing. *Texas Transportation Code §724.041(a).* The notice of suspension or denial is triggered by a persons' refusal to submit to taking of specimen. *Texas Transportation Code §724.032(a) & §724.033.* And as already established, one cannot legally refuse what was never legally asked in compliance with the statute.

Therefore, any ALR proceeding, hearing, orders, or reinstatement fee requirement resulting

from the use of the unconstitutional DIC-24 document, is rendered void. The ALR proceeding is not a constitutionally recognized mitigating factor against (a) the irreparable harm that results from the already existing deprivation of 14th Amendment U.S. Constitutional substantive and procedural due process rights, and (b) the burden placed on Plaintiff and similarly situated citizens to prove, at the ALR hearing, that there was no notice as required by Section 724.015, or there was no refusal as they were never legally asked in compliance with the statute. There is no way to wipe the slate clean before the ALR hearing because the unconstitutional DIC-24 already leads to the civil rights deprivation without the proper mandated notice. *See e.g.*, *Armstrong v. Manzo*, 380 U.S. 545, 550-552 (1965) (holding that a subsequent hearing is no remedy for the deprivation of Constitutionally mandated notice and due process).

FRCP Rule 23 CLASS ACTION MOTION & CERTIFICATION REQUEST

**Numerosity**: Plaintiff's equal protection and due process rights were also deprived as a result of the unconstitutional Statutory Warning (i.e., the 9/2011 & 9/2021 DIC-24 document), & were subjected to &/or paid the $125 reinstatement fee. This statutory warning is applied state-wide per Texas Department of Public Safety's state-wide jurisdiction. Per the attached truncated report from Texas Department of Public Safety ("TxDPS"), (Doc. 2, pgs. 307 – 310 of 352 in USDC 4:20-CV-04149), there were 88,163 DWI charges in 2016, 90376 DWI charges in 2017, and 97,660 DWI charges in 2018 in all Texas Counties. Hence there is a total of **at least** 276,199 different individuals that were subjected to 9/2011 Texas Transportation Code ("TTC") §724.015 informed consent requirement, and the 9/2011 DIC-24 statutory warning sheet. Such is sufficient enough basis to meet the class numerosity requirement for class certification.

**Commonality**: There is a common question of fact and law that applicable to Plaintiff, that also governs all proposed **Class Members** – i.e., whether the individual was subjected to the DIC-24

statutory warning in an alleged situation as enumerated in applicable §724.011, §724.012, §724.013, §724.014, and §724.015, on or after 9/1/2011; &/or paid the $125 fee per the contested void 9/2011 & 9/2021 DIC-24 documents.

**Typicality**: The common claim and defense of Plaintiff and the class is whether the DIC-24 document is unconstitutional for non-compliance with TTC §724.015 enumerated requirements. If not in compliance, then Plaintiff and Class Members were clearly subjected to and/or caused the deprivation of their U.S. and Texas Constitutional equal protection and due process rights of the Class Members were clearly deprived. Furthermore, the common question of fact and law applicable to Plaintiff and all Class Members is in regards to damages. All Class Members are subjected to and/or caused damages including the $125.00 reinstatement fee exposure or charge. This reinstatement fee is required to be paid to TxDPS for renewal or issuance of driver's license; and applies in applicable situations of TTC §724.015(a). Plaintiff and the Class Members are caused irreparable harm, & additional damages including mental anguish, loss of reputation, loss of income, loss of income opportunities, reputational injury.

If this Court finds that the DIC-24 documents are unconstitutional, then a common defense against the effectiveness of the DIC-24 documents are a §1983 injunction against their enforcement or applicability; with said defense common and applicable to all persons subjected to the 9/2011 & 9/2021 DIC-24 documents used throughout TxDPS jurisdiction (i.e., Texas).

**Adequacy**: Plaintiff is a viable class representative for (a) a declaratory judgment action under Texas Civil Practice and Remedies Code Chapter 37; (b) an injunction against the use, recognition, and enforcement of the 9/2011 & 9/2021 DIC-24 documents under §1983; and (c) a §1983 injunction against any $125.00 reinstatement fee payment requirement consequent to any use of the DIC-24 documents within Texas - as incurred or sustained by Plaintiff and Class Members.

Plaintiff is a counsel and can represent the interests of all Class Members himself. Plaintiff has done the necessary research, has the litigation background to adequately carry out this class action, and can vigorously prosecute the class claims as class representative and class counsel.

There is no conflict or antagonism between the interests of Plaintiff and Class Members. All interests are aligned as the class certification sought is in regards to an injunction on the enforceability, effectiveness, or unconstitutionality of the 9/2011 & 9/2021 DIC – 24 forms.

This project/class action is easily manageable because the main entities to work with on the injunction to preclude or resolve the resulting $125.00 reinstatement fee damages, are Steven McGraw and TxDPS. TxDPS has all information on all Class Members in their database, and Plaintiff-Counsel can request the information via discovery.

In regards to financing the class action, that is relatively complex yet simple for Plaintiff. It shall go according to the following **Proposed Plan**:

1. Once the DIC-24 is found unconstitutional, the class action certified, and Plaintiff appointed as Class Representative and Class Counsel, Plaintiff-Counsel intends to begin by requesting the information from Steven McGraw and TxDPS, to ascertain all the actual Class Members, and calculate the aggregate $125.00 individual Class Member damages or damages exposure – which is partly clear per Doc. 2, pgs. 307 – 310 of 352, USDC # 4:20-CV-04149.

2. Plaintiff-Counsel shall work with Steven McGraw of TxDPS and his staff, to enter into a settlement agreement in regards to the proposed modifications to the DIC – 24 form to meet Texas Legislature requirements (e.g., Doc. 2, pg. 311 of 352, USDC # 4:20-CV-04149, plus any current statutory updates; including the 2021 amendment), and settlement terms of the injunction. The settlement terms are as proposed in Doc. 2, pgs. 312 – 317 of 352 of USDC # 4:20-CV-04149, with amendments to the settlement agreement to comply with the terms of the

class action certification and compensation order, and shall include Plaintiff-ClassCounsel attorney's fees and costs paid in two tranches. **(This paragraph is now void)**

3. Within 5 business days of this Court's pre-approval of the settlement terms at a Preliminary Hearing, Steven McGraw and TxDPS shall then pay the first tranche of the settlement, applicable for the attorney's fees and costs for notice and administration of the settlement, to Plaintiff-ClassCounsel's designated account.

4. Upon receipt of the payment for the attorney's fees and costs for notice and administration of the settlement, Plaintiff-ClassCounsel shall then send out a class notice to all Class Members (see Doc. 2, pg. 318 of 352, Cause 4:20-CV-04149).

5. The Final Settlement Hearing shall occur 12 months from his Court's pre-approval of the settlement terms at a Preliminary Hearing, and shall be in regards to objections on the settlement terms.

6. On or before 30 days before the Final Settlement Hearing, Steven McGraw shall release the remainder of the attorney's fees and costs due Plaintiff-ClassCounsel via a second tranche payment to Plaintiff-ClassCounsel at said Plaintiff-ClassCounsel's designated account.

7. Plaintiff shall then move to certify class for §1983 claims against other Defendants or putative Defendants – i.e., the various governmental entities throughout Texas – for the non-reinstatement fee damage claims incurred by putative Class Members.

8. Plaintiff shall present to this Court, a Proposed Plan for each class action sought to be certified for said non-reinstatement fee damages claims that are due the Class Members, against future class action Defendants.

Per the above, Plaintiff will adequately represent the interests of all Class Members in the injunction sought against enforcement of the DIC-24, and for any resulting §1983 equal protection

and due process rights deprivation claim for damages. Plaintiff will also be able to finance this class action. Plaintiff is also a duly licensed attorney by the State Bar of Texas; & has always been and remains in good standing. *See e.g.,* Texas State Bar License No. 24082602 lawyer profile.

## ADDITIONAL RELIEF REQUESTED

Wherefore, Plaintiff asks this Court to (a) order that neither Director McGraw or TxDPS are entitled to sovereign immunity; (b) order, adjudge, and decree that the prior & current TxDPS promulgated statutory warning sheet (e.g., the DIC-24 document in Exhibit 1 of 22-6773 rehearing motion, & Exhibits 1.3 & 1.6 of USDC # 4:20-CV-04149 amended complaint) as used by law enforcement throughout Texas, are unconstitutional and void; and (c) Steven C. McGraw as Director of TxDPS, and TxDPS, are enjoined against (i) any recognition or enforcement of the 9/2011 & 9/2021 DIC-24 statutory warning sheet in Exhibits 1, 1.3 or 1.6, (ii) any recognition or enforcement of any proceedings, notices, or orders resulting from the 9/2011 & 9/2021 DIC-24 statutory warning documents – including any recognition of the 01/14/2019 order of suspension of Plaintiff's driver's license in Exhibit 1.5, and (iii) any of Plaintiff's requirement to pay any resulting fee (e.g. the $125.00 reinstatement fee as stated in Exhibit 1.5).

Plaintiff also asks the Court to (d) certify class as requested above; (e) grant Plaintiff and Class Members a §1983 injunction against (i) any recognition of the 01/14/2019 order of suspension of Plaintiff's driver's license and any similar findings/orders, and (ii) any resulting fee requirement/payment (e.g. $125.00 reinstatement fee); (f) order Plaintiff as Class Representative; and (g) order Plaintiff and Adimora Law Firm, PLLC as Class Counsel, with reasonable & necessary compensation for attorney's fees and costs fixed at: 25%[199] to 100%[200] of the greater of

---

[199] Customary class action attorney fee percent.
[200] Standard class action disgorgement of profits equitable remedy allowed per the knowingly repeated void DIC-24 forms; void per TxDPS' clear & evident *fraud-in-factum* (i.e., the excluded Sec. 724.015(a)(6)), TxDPS' deliberate indifference to constitutional rights, health, & safety of citizens (i.e., the continued exclusion in the 2021 promulgated

(i) 276,199 multiplied by $125.00, or (ii) $125.00 multiplied by the number of individual Class

Members that were subjected to &/or paid the $125 fee - with the exclusion of Plaintiff.  Plaintiff

Petitioner also asks for any relief sought, &/or allowed by law & equity.


**Attachments 44 pgs total (Arranged in the following/below listed order):**

Contains Challenged Orders, Statutes, & IFP filings & rulings in prior related "mc" actions.

- Void USDC # 4:20-CV-01651, Doc. 12 – Order Denying Reconsideration

- Void TxDPS order of suspension

- Void Pre-9/2021 TxDPS' DIC-24 statutory warning sheet used on Plaintiff, on 11/14/2018.

- Void Pre-9/2021 statutory version of Tex. Transp. Code Sec. 724.015(a)

- Void Blank Pre-9/2021 TxDPS' DIC-24 statutory warning sheet

- Void Blank Post-9/2021 TxDPS' DIC-24 statutory warning sheet

- Void Memorandum & Recommendation – Cause 4:20-CV-04149

- Void Order Adopting Memorandum & Recommendation – Cause 4:20-CV-04149

- 4:23-mc-00964 Docket

- 4:23-mc-00964 IFP application.

- 4:23-mc-00964 Order Denying IFP application.

- 4:23-mc-00976 Docket

- 4:23-mc-00976 IFP application with 28 USC 1404(a) & 1404(c) Motion to Transfer

- Void Order Denying 4:23-mc-00976 IFP appl. with 28 USC 1404(a) & 1404(c) Motion to Transfer

---

form after notice from Plaintiff in Cause 4:20-CV-04149), & TxDPS' **lack of due process & jurisdiction/authority.**
*See, U.S. v. Throckmorton*, 98 U.S. 61, 64 (1878) ("There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments."); *Bass v. Hoagland*, 172 F.2d 205, 209 (5th Circ. 1949).

- 4:23-mc-01283 Docket

- Void Order Denying 4:23-mc-01283 IFP appl. with 28 USC 1404(a) & 1404(c) Motion to Transfer.

- Void Order Denying Reconsideration & Hearing request on 4:23-mc-01283 IFP appl. with 28 USC 1404(a) & 1404(c) Motion to Transfer.

- Void Order Denying Change of Venue of 4:23-mc-01283.

Respectfully Submitted,

/s/ Ernest C. Adimora-Nweke, Jr
Ernest C. Adimora-Nweke, Jr; Texas State Bar Number: 24082602
c/o Adimora Law Firm; 3050 Post Oak Blvd., Suite 510; Houston, TX 77056
281-940-5170 (Office); ernest@adimoralaw.com
*Pro Se Plaintiff-Petitioner, Class Representative, & Class Counsel*

## Section V.

Additional Appendix & Exhibits, including prior actions' cited void & challenged

judgments & orders, from causes 4:20-CV-04149 & 4:22-CV-00765, are uploaded to a CD and

submitted with this Complaint.

## Section VI.

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above petition has been filed with USDC W.D. TX
Austin Division Clerk, as of the file-stamp date, and has or shall be served or delivered to all
necessary parties in this case or to the various attorneys of such necessary parties, in due course,
as allowed by the Court and pursuant to Federal Rules of Civil Procedure.

Respectfully Submitted,
/s/ Ernest C. Adimora-Nweke, Jr
Ernest C. Adimora-Nweke, Jr
Texas State Bar Number: 24082602

Served On:
KEN PAXTON
Attorney General of Texas
SHAWN COWLES
Deputy Attorney General for Civil Litigation

BRENT WEBSTER
First Assistant Attorney General
THOMAS A. ALBRIGHT
Chief - General Litigation Division

**SCOT M. GRAYDON**
Texas Bar No. 24002175; Southern ID No. 719112;
Assistant Attorney General
*PRIOR ATTORNEYS FOR DEFENDANT STEVEN A.*
*MCGRAW*

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 66 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 61 of 100
Case 4:20-cv-01651   Document 12   Filed on 06/26/20 in TXSD   Page 1 of 1

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**
June 26, 2020
David J. Bradley, Clerk

| | | |
|---|---|---|
| Aphaeus Ohakweh, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-20-1651 |
| | § | |
| Harris Health System, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Order Denying Reconsideration

This court's denial of Ernest Chukwunenye Adimora-Nweke's application to appear *pro hac vice* subsists.

Because he has abused his credentials, the full court has denied Adimora-Nweke's admission to the Southern District several times. He has been sanctioned for his recalcitrance. He may not practice in this district and must stop filing cases in it.

In an unprincipled motion, he alternatively seeks to join himself as a party in this case and proceed as a *pro se* plaintiff. He may not.

His motions for reconsideration and joinder are denied. (9)(10)

Signed on June 26, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge



# TEXAS DEPARTMENT OF PUBLIC SAFETY

5605 N LAMAR BLVD • BOX 4087 • AUSTIN, TEXAS 78773-0001

www.dps.texas.gov
DRIVER LICENSE DIVISION
512-424-2600
EN ESPANOL 512-424-7181



STEVEN C. McCRAW
DIRECTOR
SKYLOR HEARN
FREEMAN F. MARTIN
RANDALL B. PRINCE
DEPUTY DIRECTORS

COMMISSION
STEVEN P. MACH, CHAIRMAN
MANNY FLORES
A. CYNTHIA LEON
JASON K. PULLIAM
RANDY WATSON

01/14/2019


ERNEST C [REDACTED] LANE
HOUSTON, TX 7[REDACTED] 0000

DL No: 0[REDACTED]0    ID No:    UNL No:

## ORDER OF SUSPENSION

Your Texas Driver License, permit and/or driving privilege to operate a motor vehicle has been suspended from 12/24/2018 through 06/21/2019, because you refused to provide a specimen of blood or breath following an arrest for an offense prohibiting the operation of a motor vehicle or watercraft while intoxicated, while under the influence of alcohol or while under the influence of a controlled substance.

You will be required to pay a $125.00 reinstatement fee to the Texas Department of Public Safety, Central Cash Division, PO Box 15999, Austin, TX 78761-5999. In order for the Department to correctly identify your file, please complete the form on the reverse side and return with the reinstatement fee. Failure to pay the reinstatement fee will result in the denial of renewal or issuance of a Texas driver license.

This suspension has resulted in the disqualification of all commercial driving privileges. An occupational or essential need driver license may not be issued for the operation of a commercial motor vehicle. You must surrender any valid Texas Driver License in your possession. The license will be returned to you upon expiration of the suspension period.

Driving any motor vehicle upon the highways of this state while a license or privilege is invalid may result in criminal penalties and additional suspension action.

Manager,
Enforcement and Compliance Service
Driver License Division

STATUTORY AUTHORITY: Texas Transportation Code Section 724.035; 724.046; 522.089



EXHIBIT
A

## DRIVER IMPROVEMENT & COMPLIANCE BUREAU - REINSTATEMENT OF LICENSE (ALR)

Driver License No._____ DOB_____

Name:_____

Address:_____

You are required to pay a $125 fee to reinstate your driver license.  In order for the Department to correctly identify your file, please complete this form and return it along with your reinstatement fee, to the Department at the following address. Texas Department of Public Safety, Driver Improvement and Compliance Bureau, PO Box 15999, Austin, Texas 78761-5999.  Payment must be made in the form of a personal check, cashier's check or money order made payable to the Texas Department of Public Safety.  Please include your driver license number on the payment.

FOR DPS USE ONLY: Number:_____ Amount:_____

Dkt. 82, Cause 4:20-CV-04149, Rule 59 Motion Exhibits, Pg 1 Exhibit 4

## STATUTORY WARNING

DIC-24 (Rev. 9/11)

ERNEST          C                              9_____1                         1_____5

Full Name of Subject (print or type)         State, Drivers License/I.D. No. or None          Date of Birth

Date of Arrest: 11/14/18     Time of Arrest: 2300          County of Arrest: HARRIS

(If unlicensed)     Race: B     Sex: M     Height: 600     Weight: 170     Eyes: BROWN     Hair: BLACK

You are under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle in a public place, or a watercraft, while intoxicated or an offense under Section 106.041, Alcoholic Beverage Code. You will be asked to give a specimen of your breath and/or blood. The specimen will be analyzed to determine the alcohol concentration or the presence of a controlled substance, drug, dangerous drug, or other substance in your body.

If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your license, permit, or privilege to operate a motor vehicle will be suspended or denied for not less than 180 days. Whether or not you are subsequently prosecuted for this offense.

If you refuse to submit to the taking of a specimen, the officer may apply for a warrant authorizing a specimen to be taken from you.

If you are 21 years of age or older and submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of 0.08 or more, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 90 days, whether or not you are subsequently prosecuted for this offense.

If you are younger than 21 years of age and have any detectable amount of alcohol in your system, your license, permit or privilege to operate a motor vehicle will be suspended for not less than sixty (60) days. However, if you submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of less than 0.08, you may be subject to criminal penalties less severe than those provided for under Chapter 49, Penal Code.

If you were operating a motor vehicle and you refuse to give the specimen, or if the specimen shows that you have an alcohol concentration of 0.04 or more, you may be disqualified from driving a commercial motor vehicle for a period of not less than one year.

You may request a hearing on the suspension or denial. This request must be received by the Texas Department of Public Safety at its headquarters in Austin, Texas, no later than 15 days after you receive or are presumed to have received notice of suspension or denial. The request can be made by written demand, fax, or other form prescribed by the Department.

I certify that I have informed you both orally and in writing of the consequences of refusing to submit to the taking of a specimen or providing a specimen; I have provided you with a complete and true copy of this statutory warning.

I am now requesting a specimen of your [X] Breath   [X] Blood.

     [X] Subject refused to allow the taking of a specimen and further refused to sign below as requested by this officer.
     OR
     [ ] Subject refused to allow the taking of a specimen as evidenced by his/her signature below.

_____
(Subject's Signature)

[ ] I further certify that because you are a child as defined in
Section 51.02, Family Code, the above request for a specimen
and your response has been videotaped.

_____
Officer's Signature

Z. WANG                                        8111
Printed Name                                   Badge or ID No.

HOUSTON PD
Agency

7277 REGENCY SQUARE HOUSTON TX 77036
Address

832-394-1200
Phone No.

FOR DIC USE ONLY

DPS Copy

Dkt. 52, Cause 4:20-CV-04149, Rule 59 Motion Exhibits, Pg 1 Exhibit 5

Sec. 724.015. INFORMATION PROVIDED BY OFFICER BEFORE
REQUESTING SPECIMEN. Before requesting a person to submit to the
taking of a specimen, the officer shall inform the person orally
and in writing that:

(1) if the person refuses to submit to the taking of
the specimen, that refusal may be admissible in a subsequent
prosecution;

(2) if the person refuses to submit to the taking of
the specimen, the person's license to operate a motor vehicle
will be automatically suspended, whether or not the person is
subsequently prosecuted as a result of the arrest, for not less
than 180 days;

(3) if the person refuses to submit to the taking of a
specimen, the officer may apply for a warrant authorizing a
specimen to be taken from the person;

(4) if the person is 21 years of age or older and
submits to the taking of a specimen designated by the officer
and an analysis of the specimen shows the person had an alcohol
concentration of a level specified by Chapter 49, Penal Code,
the person's license to operate a motor vehicle will be
automatically suspended for not less than 90 days, whether or
not the person is subsequently prosecuted as a result of the
arrest;

(5) if the person is younger than 21 years of age and
has any detectable amount of alcohol in the person's system, the
person's license to operate a motor vehicle will be
automatically suspended for not less than 60 days even if the
person submits to the taking of the specimen, but that if the
person submits to the taking of the specimen and an analysis of
the specimen shows that the person had an alcohol concentration
less than the level specified by Chapter 49, Penal Code, the
person may be subject to criminal penalties less severe than
those provided under that chapter;

(6) if the officer determines that the person is a
resident without a license to operate a motor vehicle in this
state, the department will deny to the person the issuance of a

Dkt. 82, Cause 4:20-CV-04149, Rule 59 Motion Exhibits. Pg 12Exhibit 6

*license, whether or not the person is subsequently prosecuted as a result of the arrest, under the same conditions and for the same periods that would have applied to a revocation of the person's driver's license if the person had held a driver's license issued by this state; and*

       (7) the person has a right to a hearing on the suspension or denial if, not later than the 15th day after the date on which the person receives the notice of suspension or denial or on which the person is considered to have received the notice by mail as provided by law, the department receives, at its headquarters in Austin, a written demand, including a facsimile transmission, or a request in another form prescribed by the department for the hearing.

Acts 1995, 74th Leg., ch. 165, Sec. 1, eff. Sept. 1, 1995. Amended by Acts 1997, 75th Leg., ch. 1013, Sec. 34, eff. Sept. 1, 1997; Acts 2001, 77th Leg., ch. 444, Sec. 8, eff. Sept. 1, 2001.

Amended by:

     Acts 2011, 82nd Leg., R.S., Ch. 674 (S.B. 1787), Sec. 1, eff. September 1, 2011.

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 72 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 67 of 100
Exhibit 1 Case 4:23-mc-01283 Document 1-2 Filed on 08/03/23 in TXSD Page 305 of 529

PRE 2021 PLAINTIFF PROPOSED
(Proposed Rev. DIC-24)

## STATUTORY WARNING

SUBJECT'S NAME _____  DL NO./STATE _____  DOB _____

PHYSICAL DESCRIPTION (if unlicensed) Race:_____ Sex:_____ Height:_____ Weight_____ Eyes _____ Hair. _____

DATE OF ARREST:_____ TIME OF ARREST:_____ COUNTY OF ARREST _____

You are under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle in a public place or a watercraft, while intoxicated, or an offense under Section 106.041, Alcoholic Beverage Code. You will be asked to give a specimen of your breath and/or blood. The specimen will be analyzed to determine the alcohol concentration or the presence of a controlled substance, drug, dangerous drug or other substance in your body.

If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 180 days, whether or not you are subsequently prosecuted for this offense.

If you refuse to submit to the taking of a specimen, the officer may apply for a warrant authorizing a specimen to be taken from you.

If you are 21 years of age or older and submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of 0.08 or more, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 90 days, whether or not you are subsequently prosecuted for this offense.

If you are younger than 21 years of age and have any detectable amount of alcohol in your system, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 60 days. However, if you submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of less than 0.08, you may be subject to criminal penalties less severe than those provided for under Chapter 49, Penal Code.

If you were operating a motor vehicle and you refuse to give the specimen or provide a specimen that shows you have an alcohol concentration of 0.08 or more, you may be disqualified from driving a commercial motor vehicle for a period of not less than one year.

If the officer determines that you are a Texas resident without a license to operate a motor vehicle in Texas, Texas Department of Public Safety will deny you the issuance of a license, whether or not you are subsequently prosecuted as a result of the arrest, under the same conditions and for the same periods that would have applied to a revocation your driver's license if you had held a driver's license issued by the State of Texas.

You may request a hearing on the suspension or denial. This request must be received by the Texas Department of Public Safety at its headquarters in Austin, Texas, no later than 15 days after you receive or are presumed to have received notice of suspension or denial. The request can be made by written demand, fax, or other form prescribed by the Department.

I certify that I have informed you both orally and in writing of the consequences of refusing to submit to the taking of a specimen or providing a specimen. I have provided you with a complete and true copy of this statutory warning.

I am now requesting a specimen of your  ☐ Breath  ☐ Blood

    ☐ Subject refused to allow the taking of a specimen and further refused to sign below as requested by this officer.

    OR

    ☐ Subject refused to allow the taking of a specimen as evidenced by his/her signature below.

_____
Subject's Signature

☐ I further certify that because you are a child as defined in Section 51.02, Family Code, the above request for a specimen and your response have been videotaped.

_____
Officer's Signature

_____
Officer's Printed Name

_____
Agency

_____
Telephone No.

| FOR DEPARTMENT USE ONLY |
| --- |
|  |

Independent Action in Equity Complaint Exhibit 1 - void TXDPS 2021 revised DIC-24 form

# STATUTORY WARNING

DIC-24 (Rev 9/2021)

SUBJECT'S NAME _____  DL NO. / STATE _____  DOB _____

PHYSICAL DESCRIPTION (if unlicensed) Race:_____Sex:_____Height:_____Weight:_____Eyes:_____Hair:_____

DATE OF ARREST:_____  TIME OF ARREST:_____COUNTY OF ARREST: _____

You are under arrest for an offense arising out of acts alleged to have been committed while you were operating a motor vehicle in a public place, or a watercraft, while intoxicated, or an offense under Section 106.041, Alcoholic Beverage Code. You will be asked to give a specimen of your breath and/or blood. The specimen will be analyzed to determine the alcohol concentration or the presence of a controlled substance, drug, dangerous drug, or other substance in your body.

If you refuse to give the specimen, that refusal may be admissible in a subsequent prosecution. Your license, permit, or privilege to operate a motor vehicle will be suspended or denied for not less than 180 days, whether or not you are subsequently prosecuted for this offense. If you refuse to submit to the taking of a specimen, the officer may apply for a warrant authorizing a specimen to be taken from you.

If you are 21 years of age or older and submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of 0.08 or more, your license, permit or privilege to operate a motor vehicle will be suspended or denied for not less than 90 days whether or not you are subsequently prosecuted for this offense. If you are younger than 21 years of age and have any detectable amount of alcohol in your system, your license, permit, or privilege to operate a motor vehicle will be suspended or denied for not less than 60 days. However, if you submit to the taking of a specimen and an analysis of the specimen shows that you have an alcohol concentration of less than 0.08, you may be subject to criminal penalties less severe than those provided for under Chapter 49, Penal Code. If you submit to the taking of a blood specimen, the specimen will be retained and preserved in accordance with Article 38.50, Code of Criminal Procedure.

If you were operating a motor vehicle and you refuse to give the specimen or provide a specimen that shows you have an alcohol concentration of 0.08 or more, you may be disqualified from driving a commercial motor vehicle for a period of not less than one year. You may request a hearing on the suspension or denial. This request must be received by the Texas Department of Public Safety at its headquarters in Austin, Texas, no later than 15 days after you receive or are presumed to have received notice of suspension or denial. The request can be made by written demand, fax, or other form prescribed by the Department.

I certify that I have informed you both orally and in writing of the consequences of refusing to submit to the taking of a specimen or providing a specimen. I certify that I have requested your signature below acknowledging the voluntary consent to the taking of a specimen. I certify I have provided you with a complete and true copy of this statutory warning.

I am now requesting a specimen of your:  ☐ **Breath**  ☐ **Blood**

**Consent**

☐ The subject consented to allow the taking of a specimen and further refused to sign below as requested by this officer.

☐ I am voluntarily consenting to the taking of a specimen. I have been asked to submit to a specimen and have been informed of the consequences of not submitting as evidenced by my signature.

Subject's Signature: _____

**Refusal**

☐ The subject refused to allow the taking of a specimen and further refused to sign below as requested by this officer.

☐ I am refusing to allow the taking of a specimen as evidenced by my signature below.

Subject's Signature: _____

☐ I further certify that because you are a child as defined in Section 51.02, Family Code, the above request for a specimen and your response has been videotaped.

_____  _____
Officer's Signature                Agency

_____  _____
Officer's Printed Name             Telephone No.

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 74 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 69 of 100
Case 4:22 206907 6 Document 005 34 Filed on Page 220 in TXSD Filed 08/08/2022

United States District Court
Southern District of Texas
**ENTERED**
September 09, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST ADIMORA-NWEKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-CV-4149 |
| | § | |
| HANNAH O. YARBROUGH-SMITH, | § | |
| ET AL, | § | |
| | § | |
| Defendants. | | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant Director McGraw's Motion to Dismiss (Dkt. No. 15). The Court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Defendant Director McGraw's Motion to Dismiss (Dkt. No. 15) be **GRANTED** and the case against him be **DISMISSED WITH PREJUDICE**. The Court **FURTHER RECOMMENDS** that all other pending motions (Dkt. Nos. 5, 7, 17, 22) be **DENIED AS MOOT**.

### I.    BACKGROUND

Plaintiff Ernest Adimora-Nweke filed this lawsuit in the 234th Judicial District Court of Harris County, Texas on September 16, 2020.[2] Defendant Steven A. McGraw, Director of the Texas Department of Public Safety ("Director McGraw") removed the case on December 4, 2020.[3]

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. (*See* Dkt. No. 12.)

[2] Dkt. No. 1 at 1.

[3] *Id.*

Plaintiff filed a 125-page fourth amended complaint on December 8, 2020, bringing claims under the U.S. Constitution and state law torts among others.[4]

On November 14, 2018, Plaintiff was arrested on suspicion of driving while intoxicated.[5] Plaintiff did not voluntarily provide a breath or blood sample.[6] Texas Transportation Code 724.015 describes information police officers shall provide before requesting specimen in these situations and states "if the person refuses to submit to the taking of the specimen, the person's license to operate a motor vehicle will be automatically suspended . . . ." *See* Tex. Transp. Code 724.015(2). Plaintiff received notice via a DIC-24 form that his license would be suspended.[7] A DIC-24 form is a piece of paper that contains the above statutory warning. *See* Tex. Transp. Code 724.015.

Plaintiff had a license at the time of his arrest and alleges that an officer kept it after he posted bail.[8] The DIC-24 form can serve as a temporary driving permit if a license is confiscated.[9] Within 15 days of arrest or notice of suspension, an individual may request an Administrative License Revocation ("ALR") hearing. *See* Tex. Transp. Code 724.041(a). On November 16, 2018, Plaintiff requested an ALR hearing regarding his license suspension.[10] On November 26, 2018, Plaintiff was notified that his request was insufficient under Texas Administrative Code, Title 37, Chapter 17, Rule 17.8 (4) and (5).[11] Plaintiff did not attempt to correct the defect until January 26, 2019, well after the 15-day statutory time period passed.[12] Consequently, Plaintiff's license was

---

[4] *See* Dkt. No. 6.
[5] *Id.* at 86.
[6] *Id.* at 87.
[7] Dkt. No. 2 at 352.
[8] Dkt. No. 6 at 89.
[9] Dkt. No. 2 at 352.
[10] Dkt. No. 6 at 87–88.
[11] Dkt. No. 2 at 347.
[12] *Id.* at 348–51.

Case 1:23-cv-01048-RP   Document 1   Filed 08/28/23   Page 76 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 71 of 100
Case 4:22-20239-0745-00-00-ent-1054-64-FT288-mdPage-22021T XSDe Filed 08/28/2022

suspended from December 14, 2018 until June 21, 2019.[13] Plaintiff's license is no longer suspended and he is permitted to drive, but he is required to pay a $125.00 reinstatement fee before a new driver's license will be issued.[14]

Plaintiff alleges that the DIC-24 form is unconstitutional on its face as applied because it is not in strict compliance with Texas Transportation Code 724.015.[15] Specifically, Plaintiff argues that the DIC-24 form is "missing Texas Transportation Code Section 724.015(6)."[16] Director McGraw filed the pending Motion to Dismiss on December 22, 2020.[17] The Court stayed the case on March 8, 2021 until the Court could rule on Director McGraw's Motion to Dismiss.[18]

## II.   LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan*

---

[13] *Id.* at 345.
[14] *Id.*
[15] Dkt. No. 6 at 99.
[16] *Id.* at 100.
[17] Dkt. No. 15.
[18] Dkt. No. 33.

3 / 12

FRAP 24(a)(5) Motion & Petition Exhibits Pg. 22

Case 1:23-cv-01848-RP    Document 1    Filed 08/28/23    Page 77 of 109
Case 4:23-mc-01283    Document 1-2    Filed on 08/03/23 in TXSD    Page 72 of 100
Case 4:22-cv-00076 Document 005.04 Filed on Page 204 in TXSD Filed 08/08/2022

*v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Comme'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

A complaint may also be dismissed if the Court lacks subject matter jurisdiction over an action. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

## III.    ANALYSIS

Director McGraw argues Plaintiff lacks standing to bring claims against him and any complaint regarding the DIC-24 form is moot.[19] Further, Director McGraw argues Plaintiff's claims against him should be dismissed for failing to state a claim upon which relief can be granted.[20] The Court notes at the outset that Plaintiff is a licensed and practicing attorney who is representing himself in this case. Consequently, "this Court holds [him] to a higher standard than it does a typical *pro se* plaintiff." *Davis v. GECESP Assocs. LLC*, No. 2:14-CV-01065, 2015 WL 410030, at *2 (E.D. Tex. Jan. 23, 2015); *see Wright v. McCain*, 703 F. App'x 281, 284 (5th Cir 2017) (quoting *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)) ("Since counsel is held to a higher standard than a *pro se* litigant, 'it would be rather peculiar to treat a trained attorney's error more leniently than' that of a pro se litigant."). The Court will address each of Director McGraw's arguments in turn.

---

[19] Dkt. No. 15 at 9.
[20] *Id.*

4 / 12

Case 1:23-cv-01048-RP   Document 1   Filed 08/28/23   Page 78 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 73 of 100
Case 4:22-mc-00076 Document 1-1 Filed on 03/25/2205 in TXSD Page 08/08/2022

a.  Underline{Standing}

Director McGraw argues Plaintiff lacks standing to bring claims against him because
Plaintiff has not been injured.[21] Plaintiff contends that he "still has standing per injury in fact that
is fairly to Director McGraw's continuously authorized unconstitutional DIC-24 document . . ."[22]
The Court agrees with Director McGraw.

"Constitutional standing is a question of subject matter jurisdiction." *AmGuard Ins. Co. v.
Lone Star Legal Aid*, No. CV H-18-2139, 2019 WL 4034276, at *2 (S.D. Tex. Aug. 27, 2019)
(citing *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017)). "To establish Article III standing, a
plaintiff must show (1) an injury in fact; (2) a sufficient causal connection between the injury and
the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable
decision." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

Plaintiff argues he was harmed by the DIC-24 form that is "missing Texas Transportation
Code Section 724.015(6)."[23] However, Texas Transportation Code Section 724.015(6) only applies
to individuals who do not have a driver's license.[24] Texas Transportation Code Section 724.015(6)
did not apply to Plaintiff because he had a driver's license at the time of his arrest.[25] Thus, Plaintiff
cannot be injured by a lack of notice regarding Texas Transportation Code Section 724.015(6)

---

[21] *Id.*

[22] Dkt. No. 16 at 2.

[23] *Id.* at 100.

[24] Texas Transportation Code Section 724.015(6) states "if the officer determines that the
person is a resident without a license to operate a motor vehicle in this state, the department will
deny to the person the issuance of a license, whether or not the person is subsequently prosecuted
as a result of the arrest, under the same conditions and for the same periods that would have applied
to a revocation of the person's driver's license if the person had held a driver's license issued by
this state."

[25] Dkt. No. 6 at 89.

5 / 12

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 79 of 109
Case 4:23-mc-01283  Document 1-2  Filed on 08/03/23 in TXSD  Page 74 of 100
Case 4:22-cv-09076 Document 20-1 Filed on 05/18/23 in TXSD Page 46 of 62

Plaintiff does not refute that this specific section did not apply to him. Without an injury, Plaintiff fails to establish standing.

Further, Director McGraw argues that the Court cannot redress Plaintiff's criticism of the DIC-24 form "because the reason for Plaintiff's license suspension had nothing to do with a portion of the statute that does not apply to Plaintiff."[26] The Court agrees with Director McGraw that Plaintiff's request for a declaration or injunction would be futile as neither would change the inapplicability of the language in the DIC-24 form to Plaintiff.[27] Plaintiff's license suspension has ended and the reinstatement fee only applies to obtaining a new license. There is no current injury to Plaintiff's ability to drive that could be redressed by the equitable relief Plaintiff seeks. Accordingly, the Court recommends that Plaintiff's claims be dismissed pursuant to Rule 12(b)(1). *Wright v. Brady*, No. H-06-CV-2021, 2006 WL 2371327, at *1 (S.D. Tex. Aug. 15, 2006) ("If a plaintiff lacks standing to assert a claim, a federal court lacks subject-matter jurisdiction over that claim.").

   b.  Mootness

Director McGraw also argues that Plaintiff's claims are moot because his license is no longer suspended and he is permitted to drive.[28] Plaintiff argues his case is not moot because he is still subject to the $125.00 reinstatement fee along with the "detrimental effects" on his insurance and driving record.[29]

   "A claim is moot when a case or controversy no longer exists between the parties." *Kovac*

---

[26] Dkt. No. 15 at 10.
[27] Dkt. No. 20 at 4.
[28] Dkt. No. 15 at 11–12.
[29] Dkt. No. 16 at 2.

6 / 12

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 80 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 75 of 100
Case 4:22-cv-00076 Document 15-4 Filed on 08/22/07 in TXSD Page 6 of 2022

*v. Wray*, 449 F. Supp. 3d 649, 653 (N.D. Tex. 2020) (quoting *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017)). Here, Plaintiff's license was suspended from December 14, 2018 until June 21, 2019.[30] Plaintiff's license is no longer suspended, but he is required to pay a $125.00 reinstatement fee before a new driver's license will be issued.[31] [T]he period of suspension is not extended by failure to pay the fee." *Allen v. State*, 48 S.W.3d 775, 778 (Tex. Crim. App. 2001). As discussed above, the reinstatement fee only applies to obtaining a new license and did not extend Plaintiff's license suspension nor his ability to lawfully drive. As such, there is no live case or controversy related to the DIC-24 form and Plaintiff. Accordingly, the Court recommends that Plaintiff's claims be dismissed as moot.

    c.  <u>Failure to State a Claim</u>

    Lastly, Director McGraw argues that Plaintiff has not stated a claim for which relief may be granted.[32]

      *i.  Rule 8(a)*

    First, Director McGraw contends that Plaintiff fails to satisfy Rule 8.[33] Rule 8 states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "For a complaint to meet the pleading requirements of Rule 8(a)(2) and to survive a Rule 12(b)(6) motion to dismiss, the following conditions must be met: (1) every element of each cause of action must be supported by specific factual allegations, and (2) the complaint must state a plausible claim for relief." *Kan v. OneWest Bank, FSB*, 823 F.

---

    [30] Dkt. No. 2 at 345.
    [31] *Id.*
    [32] Dkt. No. 15 at 12.
    [33] *Id.*

7 / 12

Supp. 2d 464, 468 (W.D. Tex. 2011).

Plaintiff's fourth amended complaint is 125 pages long.[34] *It discusses everything from a bad business arrangement Plaintiff entered into with a person whom he believes is a criminal to his other arrests related to this business partner to a conspiracy involving kidnapping and contracted hit-men.*[35] 25 pages are spent on Plaintiff's bad business arrangement and 54 pages discuss his other arrests.[36] Plaintiff sues not only Director McGraw, but 25 other defendants and numerous members of law enforcement.[37]

In no way does Plaintiff's complaint comply with Rule 8(a)(2). Plaintiff, a licensed attorney, has had multiple opportunities to correct the deficiencies in his fourth amended complaint and has failed to do so. Accordingly, the Court recommends that Plaintiff's complaint be dismissed for failure to comply with Rule 8.

*ii. Immunity From Liability*

Second, Director McGraw contends Plaintiff fails to state a claim against him for which relief can be granted because he retains immunity from liability to Plaintiff's claims.[38]

"[W]hen a State removes to federal court a private state court suit based on a federal-law claim, it invokes federal jurisdiction and thus waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state sovereign immunity. However, that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally

---

[34] Dkt. No. 6.
[35] *See id.*
[36] *Id.* at 6–86.
[37] *Id.* at 1–5.
[38] Dkt. No. 15 at 13.

8 / 12

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 82 of 109
Case 4:23-mc-01283    Document 1-2    Filed on 08/03/23 in TXSD    Page 77 of 100
Case 4:22-cv-04076   Document 5-14   Filed on 08/08/2022 in TXSD   Page 28 of 100

and on their merits in the federal courts." *Meyers ex rel. Benzing v. Texas*, 454 F.3d 503, 504 (5th Cir. 2006); *see also Skinner v. Gragg*, No. 14-CV-1412, 2015 WL 12966224, at *11 (S.D. Tex Aug. 13, 2015), *aff'd*, 650 F. App'x 214 (5th Cir. 2016) ("[A]fter removal, a state may not defeat jurisdiction based on sovereign immunity, but may still assert state sovereign immunity as defined by state law as a defense.").

To the extent Plaintiff argues his case falls under an *Ex parte Young* exception, Plaintiff's argument fails because, as Director McGraw notes, there is no ongoing constitutional violation. *See Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019). Any relief sought regarding Plaintiff's past suspension would need to be retroactive and any relief sought regarding the reinstatement fee does not implicate a constitutional right. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) ("To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future."). Accordingly, Director McGraw is immune from liability and retrospective equitable relief to address Plaintiff's alleged past injuries.

### iii. Due Process

Third, Director McGraw argues that Plaintiff's right to due process has not been violated because he received sufficient notice.[39] Moreover, given that driving an automobile is not a constitutionally protected right, any lack of notice language intended to address individuals without driver's licenses, or a required reinstatement fee is not a violation of due process.[40]

Plaintiff admits that he had a driver's license.[41] Plaintiff clearly had notice as he requested

---

[39] *Id.* at 15–17.
[40] *Id.*
[41] Dkt. No. 6 at 89.

9 / 12

an ALR hearing regarding the suspension of his license two days after he had been arrested.[42] Further, as noted by Director McGraw, the right to obtain a driver's license is a privilege, not a protected right. *See Gillaspie v. Dep't of Pub. Safety*, 152 Tex. 459, 259 S.W.2d 177, 182 (1953) ("[A] license or permit to drive an automobile on the public highways and streets is a privilege and not property or a property right."); *see also Blakely v. Andrade*, 360 F. Supp. 3d 453, 470 (N.D. Tex. 2019) (same). Thus, any lack of notice language intended to address individuals without driver's licenses or a required reinstatement fee prior to obtaining a license is not a violation of due process.

As discussed above, any argument as to notice is moot as Plaintiff's license is no longer suspended and he is permitted to drive, and Plaintiff's reinstatement fee is not depriving him of a constitutionally protected right. Thus, Plaintiff's due process argument fails.[43]

### iv. *Equal Protection*

Fourth, Director McGraw argues that Plaintiff fails to allege facts that suggest an equal protection claim is being brought against Director McGraw.[44]

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) a state actor intentionally discriminated against [him] because of membership in a protected class or (b) he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Gibson v. Texas Dep't of Ins.--Div. of*

---

[42] *Id.* at 87–88.

[43] Director McGraw also notes that allegations as to the missing language on the DIC-24 would be an alleged violation of state law, not the U.S. constitution. (Dkt. No. 15 at 17.) "It is well established that violations of state law are not actionable under § 1983." *Whitt v. Stephens Cty.*, 236 F. App'x 900, 902 (5th Cir. 2007).

[44] Dkt. No. 15 at 17.

10 / 12

*Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (internal quotations and citations omitted).

In his fourth amended complaint, Plaintiff simply states he is "a foreign-born person (alienage) and hence within a protected class."[45] The Court agrees with Director McGraw that Plaintiff fails to allege facts to indicate Director McGraw or DPS discriminated against Plaintiff on that basis and that Plaintiff does not allege the DIC-24 form applied to him in a discriminatory manner.[46] Plaintiff does not address Director McGraw's argument in his response. Accordingly, Plaintiff's equal protection argument fails.

## IV.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Defendant Director McGraw's Motion to Dismiss (Dkt. No. 15) be **GRANTED** and the case against him be **DISMISSED WITH PREJUDICE**. The Court **FURTHER RECOMMENDS** that all other pending motions (Dkt. Nos. 5, 7, 17, 22) be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers

---

[45] Dkt. No. 6 at 77.
[46] *See* Dkt. No. 15 at 17.

11 / 12

of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

     **SIGNED** in Houston, Texas on September 9, 2021.

                                        _____
                                        Sam S. Sheldon
                                        United States Magistrate Judge

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 86 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 81 of 100
Case 4:20-cv-04149   Document 105-04   Filed on 03/03/22 in TXSD   Page 08/08/2022

United States District Court
Southern District of Texas

**ENTERED**

December 02, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST ADIMORA-NWEKE, | § | CIVIL ACTION NO. |
| | § | 4:20-cv-04149 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| STEVEN A. MCGRAW, | § | |
| *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Ernest Adimora-Nweke represents himself here *pro se*. But he's also a lawyer. As such, Magistrate Judge Sam S. Sheldon declined to leniently construe his pleadings in the Memorandum and Recommendation. See Dkt 50 at 4. Neither will this Court in reviewing Adimora-Nweke's objections. See *Wright v McCain*, 703 F App'x 281, 284 (5th Cir 2017, *per curiam*). Indeed, Adimora-Nweke is admonished and cautioned to observe the dictates of Rule 11 of the Federal Rules of Civil Procedure going forward. This Court will not hesitate where warranted to shift costs, make a referral to the Texas State Bar for appropriate disciplinary proceedings, or otherwise issue any necessary sanctions.

Adimora-Nweke brought this action in state court, which was removed here. Dkt 1. Now at issue is his rambling, 125-page fourth amended complaint that asserts wide-ranging causes of action against approximately thirty putative defendants under (among other things) the United States Constitution and state tort law, while also seeking class certification. Dkt 6. The removal papers

Case 1:23-cv-01048-RP   Document 1   Filed 08/28/23   Page 87 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 82 of 100
Case 4:22-mc-02660-TBD   Document 005154129   Page 214   Date Filed 08/08/2022

include a lengthy appendix of materials filed in state court prior to removal. Dkt 2.

All of this relates to his arrest on suspicion of driving while intoxicated in November 2018. He there refused to voluntarily provide a breath or blood sample after being warned that such refusal would subject his driver's license to automatic suspension pursuant to § 724.015 of the Texas Transportation Code. Dkt 6 at 86–87; see also Dkt 2 at 176 (DIC-24 statutory warning). And so, he received notice via a form DIC-25 that his license would be suspended. Dkt 2 at 352 (DIC-25 notice of suspicion). A form DIC-25 also serves as a temporary driving permit where one's driver's license is confiscated. Ibid.

Section 724.041(a) of the Texas Transportation Code permits an individual within fifteen days of arrest or of receiving notice of suspension to request an Administrative License Revocation hearing. Adimora-Nweke requested such a hearing. Dkt 6 at 87–88. But he was later notified that his request was deficient. Dkt 2 at 347. He didn't attempt to correct the stated deficiencies until well after the statutorily required fifteen-day period. Id at 348–51. And so, his license was suspended from December 24, 2018 through June 21, 2019. Id at 345 (order of suspension).

Adimora-Nweke's license is no longer suspended, and he's permitted to drive but must remit the required $125 reinstatement fee before a new license will be issued. Ibid. He hasn't paid the fee and contends that the DIC-24 warning fails to strictly comply with § 724.015 of the Texas Transportation Code and is unconstitutional on its face. Dkt 6 at 98–100.

The case was referred for disposition to Magistrate Judge Sam S. Sheldon. Dkt 12. By Memorandum and Recommendation, he resolved a number of outstanding motions. See Dkt 50.

*First*, upon determination that Adimora-Nweke lacks standing to assert claims concerning form DIC-24, he recommended that the motion to dismiss by Defendant Steven A. McGraw, in his official capacity as Director of the

2

Case 1:23-cv-01048-RP   Document 1   Filed 08/28/23   Page 88 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 83 of 100
Case 4:22-mc-00780 Document 1-2 Filed on 03/04/22 in TXSD Page 17 of 25

Texas Department of Public Safety, be granted. Dkt 15;
Dkt 50 at 1. Plainly, section 724.015(6) of the Texas
Transportation Code applies only "to individuals who do
not have a driver's license." Id at 5. And because Adimora-
Nweke had a driver's license at the time of his arrest—a
contention he doesn't refute—he couldn't have been injured
by a lack of notice as to this section. Ibid. Further, because
his license is no longer suspended and he's permitted to
drive, Adimora-Nweke's claims are moot. Id at 6–7.

*Second,* he recommended that all other pending
motions be denied as moot. Dkt 50 at 1. These included:

- ○  Adimora-Nweke's motion for partial summary
     judgment and injunction, Dkt 5;

- ○  Adimora-Nweke's amended motion for partial
     summary   judgment,   injunction,   class
     certification,  representation,  counsel,  and
     counsel compensation, Dkt 7;

- ○  Adimora-Nweke's second amended motion for
     partial summary judgment, injunction, class
     certification,  representation,  counsel,  and
     counsel compensation, Dkt 17; and

- ○  Adimora-Nweke's  emergency  motion  for
     alternate service, to separate, and leave to
     amend, Dkt 22.

Adimora-Nweke timely objected, contending that the
findings by the Magistrate Judge assume facts not in
evidence, are contrary to the scope of a 12(b)(6) motion, and
error on facts and the law. Dkt 51.

The district court conducts a *de novo* review of those
conclusions of a magistrate judge to which a party has
specifically objected. See 28 USC § 636(b)(1)(C); see also
*United States v Wilson,* 864 F2d 1219, 1221 (5th Cir 1989).
To accept any other portions to which there is no objection,
the reviewing court need only satisfy itself that no clear
error appears on the face of the record. See *Guillory v PPG
Industries Inc,* 434 F3d 303, 308 (5th Cir 2005), citing
*Douglas v United Services Automobile Association,* 79 F3d

3

Case 1:23-cv-01048-RP   Document 1   Filed 08/28/23   Page 89 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 84 of 100
Case 4:22-cv-02680-TSD   Document 005-154 17269   Page 216   TXSD   Filed 08/02/2022

1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory
Comm Note (1983).

The Court has reviewed *de novo* the objections by
Adimora-Nweke. The response by McGraw adequately and
accurately addresses all such complaints. Dkt 52. The
objections lack merit and disposition is controlled by
authority cited in the Memorandum and Recommendation.

The Court has otherwise considered the Memorandum
and Recommendation and reviewed the pleadings, the
response, and the reply. No clear error appears.

The Memorandum and Recommendation of Magistrate
Judge is ADOPTED as the Memorandum and Order of this
Court. Dkt 50.

The motion to dismiss by Defendant Steven A.
McGraw, in his official capacity as Director of the Texas
Department of Public Safety, is GRANTED. Dkt 15.

McGraw is DISMISSED WITH PREJUDICE. This is
appropriate where the subject pleading is a fourth
amended complaint of 125 pages in length, and yet it fails
even now to meet the requirements of Rule 8(a)(2). See Dkt
50 at 7–8.

The various other motions by Plaintiff Ernest Adimora-
Nweke are DENIED AS MOOT. Dkts 5, 7, 17, & 22.

SO ORDERED.


Signed on December 2, 2021, at Houston, Texas.


Hon. Charles Eskridge
United States District Judge

4

CLOSED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:23-mc-00964

Adimora-Nweke v. McGraw et al                          Date Filed: 06/15/2023
Assigned to: Judge Alfred H Bennett                    Date Terminated: 06/16/2023

**Plaintiff**

**Mr. Ernest Adimora-Nweke**          represented by   Ernest Adimora-Nweke
                                                       Adimora Law Firm
                                                       3050 Post Oak Blvd
                                                       Suite 510
                                                       Houston, TX 77056
                                                       281-940-5170
                                                       PRO SE

V.

**Defendant**

**Steven C McGraw**

**Defendant**

**US District Judge Lynn N Hughes**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/15/2023 | 1 | APPLICATION to Proceed In Forma Pauperis filed by Ernest Adimora-Nweke. (Attachments: # 1 Complaint, # 2 Exhibit CD, # 3 Motion, # 4 Summons)(ChrisKrus, 4) (Entered: 06/15/2023) |
| 06/16/2023 | 2 | ORDER Denying Application to Proceed IFP. Case terminated on June 16, 2023.(Signed by Judge Alfred H Bennett) Parties notified.(JacquelineMata, 4) (Entered: 06/16/2023) |
| 06/20/2023 | 3 | Letter regarding denial of Application to Proceed IFP. Party notified, filed. (DarleneHansen, 4) (Entered: 06/20/2023) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 08/03/2023 03:02:32 | | |
| PACER Login: | ernestcan | Client Code: | |
| Description: | Docket Report | Search Criteria: | 4:23-mc-00964 |
| Billable Pages: | 1 | Cost: | 0.10 |

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 91 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 86 of 100
Case 4:23-mc-00964   Document 1   Filed on 06/15/23 in TXSD   Page 1 of 4

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts
Southern District of Texas
F I L E D

JUN 15 2023

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| Ernest Adimora-Nweke | ) |
| *Plaintiff/Petitioner* | ) |
| v. | )   Civil Action No. |
| Steve C. McGraw (Director of TXDPS) et al | ) |
| *Defendant/Respondent* | ) |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ N/A _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

Adimora Law Firm
3050 Post Oak Blvd, Suite 510
Houston, TX 77056

My gross pay or wages are:  $ _N/A - See attached_ (TBD) and my take-home pay or wages are:  $ N/A - See attached (TBD) per

*(specify pay period)*    N/A    .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☒ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☒ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☒ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☒ No |
| (e) Gifts, or inheritances | ☐ Yes | ☒ No |
| (f) Any other sources | ☐ Yes | ☒ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

N/A

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ _____ 0.00 .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:
Kindly see e.g., the attached "12/12/2022 Statement of Inability to Afford Payment of Court Costs or an Appeal Bond." Plaintiff's financial circumstances are yet to change.

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:
See e.g.,contents of the attached "12/12/2022 Statement of Inability to Afford Payment of Court Costs or an Appeal Bond."

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:
N/A

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:
Kindly see e.g., the attached "12/12/2022 Statement of Inability to Afford Payment of Court Costs or an Appeal Bond."

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____06/14/2023_____          _____/s/ Ernest Adimora-Nweke_____
                                                              *Applicant's signature*

                                                         ERNEST ADIMORA-NWEKE
                                                              *Printed name*

Case 1:23-cv-01048-RP   Document 1   Filed 08/28/23   Page 93 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 88 of 100
Case 4:23-mc-00964   Document 1   Filed on 06/15/23 in TXSD   Page 3 of 4

Attachment to McGraw & Hughes SDTX action's Application to Proceed Without Paying Fees or Costs

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause Number: ___444609___
*(The Clerk's office will fill in the Cause Number when you file this form)*

Plaintiff: Ernest Adimora-Nweke (Plaintiff-Realtor)
*(Print first and last name of the person filing the lawsuit.)*

And
Baylor College of Medicine, Harris Health System & John M. Harphen

Defendant: _____
*(Print first and last name of the person being sued.)*

In the *(check one):*
Probate Crt. ☐ District Court
Court ☐ County Court / County Court at Law
Number ☐ Justice Court

Harris County _____ Texas
*County*

# Statement of Inability to Afford Payment of Court Costs or an Appeal Bond in Justice Court

## 1. Your Information

My full legal name is: __Ernest__   __C__   __Adimora-Nweke__   My date of birth is: ___/___/___
First      Middle      Last                                    *Month/Day/Year*

My address is: *(Home)*_____

*(Mailing)* c/o Adimora Law Firm, 3050 Post Oak Blvd, Suite 510, Houston, TX 77056

My phone number: _____My email:_____

About my dependents: "The people who depend on me financially are listed below.

| Name | Age | Relationship to Me |
|------|-----|--------------------|
| 1. N/A | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |

## 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.'

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

or-

☒ I am not represented by legal aid. I did not apply for representation by legal aid.

## 3. Do you receive public benefits?

☒ I do not receive needs-based public benefits. - or -

☐ I receive these **public benefits/government entitlements** that are based on indigency:
*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check)*

☐ Food stamps/SNAP  ☐ TANF  ☐ Medicaid  ☐ CHIP  ☐ SSI  ☐ WIC  ☐ AABD
☐ Public Housing or Section 8 Housing  ☐ Low-Income Energy Assistance  ☐ Emergency Assistance
☐ Telephone Lifeline  ☐ Community Care via DADS  ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension  ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other: _____

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 94 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 89 of 100
Case 4:23-mc-00964   Document 1   Filed on 06/15/23 in TXSD   Page 4 of 4

Attachment to McGraw & Hughes SDTX action's Application to Proceed Without Paying Fees or Costs

**4. What is your monthly income and income sources?**

"I get this monthly income:

$ __0.00__ in monthly wages. I work as a __Attorney/Counsel__ for __Adimora Law Firm, PLLC__
   Your job title                         Your employer

$ __N/A__ in monthly unemployment. I have been unemployed since (date) _____

$ __N/A__ in public benefits per month.

$ __N/A__ from other people in my household each month: (List only if other members contribute to your
   household income.)

$ __N/A__ from ☐ Retirement/Pension   ☐ Tips, bonuses   ☐ Disability   ☐ Worker's Comp
            ☐ Social Security   ☐ Military Housing   ☐ Dividends, interest, royalties
            ☐ Child/spousal support
            ☐ My spouse's income or income from another member of my household (if available)

$ __0.00__ from other jobs/sources of income. (Describe) _____

$ __0.00__ is my total monthly income.

**5. What is the value of your property?**
"My property includes:                          Value*

Cash                                  $   0

Bank accounts, other financial assets

_____               $   0
_____               $
_____               $

Vehicles (cars, boats) (make and year)

_____               $   0
_____               $
_____               $

Other property (like jewelry, stocks, land,
another house, etc.)

Unliquidated claims               $  TBD
Unliquidated interest in claims   $  TBD
_____               $

_Total_ value of property  → $  TBD

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**6. What are your monthly expenses?**
"My monthly expenses are:                        Amount

Rent/house payments/maintenance    $  ~1000
Food and household supplies        $  ~500
Utilities and telephone            $  ~30 - 85
Clothing and laundry               $  ~30 - 40
Medical and dental expenses        $   0 - 100
Insurance (life, health, auto, etc.)  $   0 - 80
School and child care              $   0
Transportation, auto repair, gas   $  ~30 - 1500
Child / spousal support            $   0
Wages withheld by court order

                                   $   0

Debt payments paid to: (List)      $   0
                                   $
                                   $

_Total_ Monthly Expenses  → $  ~1590 - 3350

**7. Are there debts or other facts explaining your financial situation?**

"My debts include: (List debt and amount owed)  +$200,000.00 - school loans - Navient & HHloans

plus other litigation loans, unpaid rent, and personal loans.
A lot of the debts are damages resulting from civil rights violations and others, to be claimed & recovered.
(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to
this form labeled "Exhibit: Additional Supporting Facts.") Check here if you attach another page.☐

**8. Declaration**
I declare under penalty of perjury that the foregoing is true and correct. I further swear:
☒ I cannot afford to pay court costs.
☐ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is __Ernest Adimora-Nweke__  My date of birth is : ___/___/_____

My address is __c/o Adimora Law Firm, 3050 Post Oak, Suite 510, Houston TX 77056 U.S.A__
              Street              City      State         Zip Code      Country

▶ /s/ Ernest Adimora-Nweke signed on _12 / 12 /2022_ in _Harris_ County, _Texas_
   Signature              Month/Day/Year   county name       State

Case 1:23-cv-01048-RP   Document 1   Filed 08/28/23   Page 95 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 90 of 100
Case 4:23-mc-00964   Document 2   Filed on 06/16/23 in TXSD   Page 1 of 1

United States District Court
Southern District of Texas

AO 240A  (Rev. 01/09)  Order to Proceed Without Prepaying Fees or Costs

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas    [ ▾ ]

**ENTERED**

June 16, 2023

Nathan Ochsner, Clerk

| | |
|---|---|
| Ernest Adimora-Nweke | ) |
| *Plaintiff* | ) |
| v. | ) |
| Steve C. McGraw (Director of TXDPS) et al | ) |
| *Defendant* | ) |

Civil Action No.  4:23-mc-00964

## ORDER TO PROCEED WITHOUT PREPAYING FEES OR COSTS

**IT IS ORDERED:**  The plaintiff's application under 28 U.S.C. § 1915 to proceed without prepaying fees or costs is:

❑  Granted:

The clerk is ordered to file the complaint and issue a summons. The United States marshal is ordered to serve the summons with a copy of the complaint and this order on the defendant(s). The United States will advance the costs of service. Prisoner plaintiffs are responsible for full payment of the filing fee.

❑  Granted Conditionally:

The clerk is ordered to file the complaint. Upon receipt of the completed summons and USM-285 form for each defendant, the clerk will issue a summons. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed. The United States marshal is ordered to serve the completed summons with a copy of the complaint and this order on the defendant(s). The United States will advance the costs of service. Prisoner plaintiffs are responsible for full payment of the filing fee.

☑  Denied:

This application is denied for these reasons:

Date:  **JUN 1 6 2023**

_____
*Judge's signature*

Alfred H. Bennett, U.S. District Judge
*Printed name and title*

CLOSED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:23-mc-00976

Adimora-Nweke v. McGraw et al
Assigned to: Judge Alfred H Bennett

Date Filed: 06/20/2023
Date Terminated: 07/31/2023

**Plaintiff**

**Ernest Adimora-Nweke**                          represented by **Ernest Adimora-Nweke**
                                                                  c/o Adimora Law Firm
                                                                  3050 Post Oak Blvd
                                                                  Suite 510
                                                                  Houston, TX 77056
                                                                  281-940-5170
                                                                  PRO SE

V.

**Defendant**

**Steve C McGraw**

**Defendant**

**U S Dist Judge Lynn Hughes**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/20/2023 | 1 | APPLICATION to Proceed In Forma Pauperis filed by Ernest Adimora-Nweke. (Attachments: # 1 Proposed Order)(TerriHanniable, 4) (Additional attachment(s) added on 6/20/2023: # 2 Complaint, # 3 Notice of Transfer, # 4 Motion for Independent Action, # 5 Civil Cover Sheet, # 6 Summons) # 7 Exhibit) (TerriHanniable, 4). (Entered: 06/20/2023) |
| 07/31/2023 | 2 | ORDER Denying Application to Proceed IFP. Case terminated on 7/31/2023(Signed by Judge Alfred H Bennett) Parties notified.(GeorgeKelner, 4) (Entered: 07/31/2023) |
| 07/31/2023 | 3 | Letter regarding denial of Application to Proceed IFP. Party notified, filed. (GeorgeKelner, 4) (Entered: 07/31/2023) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 08/03/2023 02:55:20 | | |
| PACER Login: | ernestcan | Client Code: |
| Description: | Docket Report | Search Criteria: | 4:23-mc-00976 |
| Billable Pages: | 1 | Cost: | 0.10 |

Case 1:23-cv-01048-RP   Document 1   Filed 08/28/23   Page 97 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 92 of 100
Case 4:23-mc-00976   Document 1   Filed on 06/20/23 in TXSD   Page 1 of 4

United States Courts
Southern District of Texas
F I L E D

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT

JUN 2 0 2023

for the

Southern District of Texas

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| Ernest Adimora-Nweke | ) |
| *Plaintiff/Petitioner* | ) |
| v. | ) |
| Steve C. McGraw (Director of TXDPS) et al | ) |
| *Defendant/Respondent* | ) |

Civil Action No. **23 MC  976**

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
#### With 28 USC 1404(a) & (e) Motion to Transfer (attached)   **(Short Form)** & REQUEST FOR ORAL IN-COURT HEARING

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. Per the independent action in equity complaint, I have valid claims, entitled reliefs, & seek such. Kindly grant me an in-court due process fair oral hearing on this application; & on all dispositive motions, orders, rulings, or judgments.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____ N/A _____ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

Adimora Law Firm
3050 Post Oak Blvd, Suite 510
Houston, TX 77056

My gross pay or wages are: $ (N/A) TBD - See attached , and my take-home pay or wages are: $ (N/A) TBD - See attached per

*(specify pay period)* N/A _____ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☒ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☒ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☒ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☒ No |
| (e) Gifts, or inheritances | ☐ Yes | ☒ No |
| (f) Any other sources | ☐ Yes | ☒ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*
N/A

**Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 98 of 109**
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 93 of 100
Case 4:23-mc-00976   Document 1   Filed on 06/20/23 in TXSD   Page 2 of 4

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ _____ 0.00 .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:
Kindly see e.g., the attached "12/12/2022 Statement of Inability to Afford Payment of Court Costs or an Appeal Bond." Plaintiff's financial circumstances are yet to change.

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:
See e.g.,contents of the attached "12/12/2022 Statement of Inability to Afford Payment of Court Costs or an Appeal Bond."

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:
N/A

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:
Kindly see e.g., the attached "12/12/2022 Statement of Inability to Afford Payment of Court Costs or an Appeal Bond."

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____06/14/2023_____          _____/s/ Ernest Adimora-Nweke_____
                                                                        *Applicant's signature*

                                                      _____ERNEST ADIMORA-NWEKE_____
                                                                        *Printed name*

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 99 of 109
Case 4:23-mc-01283    Document 1-2    Filed on 08/03/23 in TXSD    Page 94 of 100
Case 4:23-mc-00976    Document 1    Filed on 06/20/23 in TXSD    Page 3 of 4

Attachment to McGraw & Hughes SDTX action's Application to Proceed Without Paying Fees or Costs

## NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA

Cause Number: _____444609_____
*(The Clerk's office will fill in the Cause Number when you file this form)*

Plaintiff: Ernest Adimora-Nweke (Plaintiff-Realtor)
*(Print first and last name of the person filing the lawsuit.)*

And
Baylor College of Medicine, Harris Health System, & John M. Helphen

Defendant: _____
*(Print first and last name of the person being sued.)*

In the *(check one);*
Probate Crt. ☐ District Court
Court
Number ☐ County Court / County Court at Law
☐ Justice Court

Harris County                    Texas
*County*

# Statement of Inability to Afford Payment of Court Costs
# or an Appeal Bond in Justice Court

## 1. Your Information

My full legal name is: Ernest          C          Adimora-Nweke     My date of birth is: ___/___/___
First            Middle        Last                                      Month/Day/Year

My address is: *(Home)*_____

*(Mailing)* c/o Adimora Law Firm, 3050 Post Oak Blvd, Suite 510, Houston, TX 77056

My phone number: _____ My email:_____

About my dependents: "The people who depend on me financially are listed below.

| Name | Age | Relationship to Me |
|------|-----|--------------------|
| 1 N/A | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

## 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

or-

☒ I am not represented by legal aid. I did not apply for representation by legal aid.

## 3. Do you receive public benefits?

☒ I do not receive needs-based public benefits. - or -

☐ I receive these public benefits/government entitlements that are based on indigency:
*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check)*

☐ Food stamps/SNAP    ☐ TANF    ☐ Medicaid    ☐ CHIP    ☐ SSI    ☐ WIC    ☐ AABD
☐ Public Housing or Section 8 Housing    ☐ Low-Income Energy Assistance    ☐ Emergency Assistance
☐ Telephone Lifeline    ☐ Community Care via DADS    ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension    ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other: _____

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 100 of 109
Case 4:23-mc-01283    Document 1-2    Filed on 08/03/23 in TXSD    Page 95 of 100
Case 4:23-mc-00976    Document 1    Filed on 06/20/23 in TXSD    Page 4 of 4

Attachment to McGraw & Hughes SDTX action's Application to Proceed Without Paying Fees or Costs

**4. What is your monthly income and income sources?**

*I get this monthly income:

$ __0.00__ in monthly wages. I work as a __Attorney/Counsel__ for __Adimora Law Firm, PLLC__
                                                        Your job title                              Your employer

$ __N/A__ in monthly unemployment. I have been unemployed since (date) _____

$ __N/A__ in public benefits per month.

$ __N/A__ from other people in my household each month: (List only if other members contribute to your household income.)

$ __N/A__ from ☐ Retirement/Pension  ☐ Tips, bonuses  ☐ Disability  ☐ Worker's Comp
                    ☐ Social Security     ☐ Military Housing  ☐ Dividends, interest, royalties
                    ☐ Child/spousal support
                    ☐ My spouse's income or income from another member of my household (if available)

$ __0.00__ from other jobs/sources of income. (Describe) _____

$ __0.00__ is my total monthly income.

**5. What is the value of your property?**

*My property includes:                                 Value*

Cash                                              $    0

Bank accounts, other financial assets

_____              $    0

_____              $

_____              $

Vehicles (cars, boats) (make and year)

_____              $    0

_____              $

_____              $

Other property (like jewelry, stocks, land, another house, etc.)

Unliquidated claims                        $  TBD

Unliquidated interest in claims        $  TBD

_____              $

            Total value of property  → $  TBD

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**6. What are your monthly expenses?**

*My monthly expenses are:                          Amount

Rent/house payments/maintenance     $  ~1000

Food and household supplies              $  ~500

Utilities and telephone                       $  ~30 - 85

Clothing and laundry                          $  ~30 - 40

Medical and dental expenses              $   0 - 100

Insurance (life, health, auto, etc.)        $   0 - 80

School and child care                         $   0

Transportation, auto repair, gas          $  ~30 - 1500

Child / spousal support                       $    0

Wages withheld by court order            $    0

Debt payments paid to: (List)              $    0

_____              $

_____              $

            Total Monthly Expenses → $  ~1590 - 3350

**7. Are there debts or other facts explaining your financial situation?**

*My debts include: (List debt and amount owed) __+$200,000.00 - school loans - Navient & HElloans__
__plus other litigation loans, unpaid rent, and personal loans.__
__A lot of the debts are damages resulting from civil rights violations and others, to be claimed & recovered.__
(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.") Check here if you attach another page ☐

**8. Declaration**

I declare under penalty of perjury that the foregoing is true and correct. I further swear:

☒ I cannot afford to pay court costs.

☐ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is __Ernest Adimora-Nweke__, My date of birth is : ___/___/___

My address is __c/o Adimora Law Firm, 3050 Post Oak, Suite 510, Houston TX 77056 U.S.A__
                          Street                                            City                    State          Zip Code      Country

▶ /s/ Ernest Adimora-Nweke signed on _12_/_12_/2022 in _Harris_ County, Texas
Signature                                           Month/Day/Year       county name                   State

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 101 of 109
Case 4:23-mc-01283    Document 1-2    Filed on 08/03/23 in TXSD    Page 96 of 100
Case 4:23-mc-00976    Document 1-1    Filed on 06/20/23 in TXSD    Page 1 of 1

AO 240A  (Rev. 01/09)  Order to Proceed Without Prepaying Fees or Costs

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas  ▾

ERNEST ADXMORA - NWEKE
_____ )
Plaintiff )
v. )
STEVEN C. McGRAW ET AL )
_____ )
Defendant )

Civil Action No. **23 MC 976**

## ORDER TO PROCEED WITHOUT PREPAYING FEES OR COSTS

IT IS ORDERED:  The plaintiff's application under 28 U.S.C. § 1915 to proceed without prepaying fees or costs is:

☐ Granted:

The clerk is ordered to file the complaint and issue a summons.  The United States marshal is ordered to serve the summons with a copy of the complaint and this order on the defendant(s).  The United States will advance the costs of service.  Prisoner plaintiffs are responsible for full payment of the filing fee.

☐ Granted Conditionally:

The clerk is ordered to file the complaint.  Upon receipt of the completed summons and USM-285 form for each defendant, the clerk will issue a summons.  If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.  The United States marshal is ordered to serve the completed summons with a copy of the complaint and this order on the defendant(s).  The United States will advance the costs of service.  Prisoner plaintiffs are responsible for full payment of the filing fee.

☐ Denied:

This application is denied for these reasons:

Date: _____

_____
*Judge's signature*

_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Ernest Adimora-Nweke                          §        CASE NO.
*Plaintiff/Petitioner*                        §
v.                                            §        _____
*Steven C. McGraw, et al*                     §
*Defendants*

### PLAINTIFF'S NOTICE & 28 U.S.C. §1404(a) & (c) TRANSFER MOTION w/ (Proposed Order)

TO THE HONORABLE COURT & CLERK:

Plaintiff, Ernest Adimora-Nweke, hereby files the following per the caption above:

NOTICE OF NON-CONSENT TO MAGISTRATE:  Plaintiff does not consent to magistrate.

CONFERENCE CERTIFICATE:  This request is made pre-summons, & currently unopposed.

### FACTS & ARGUMENT

Unfair & unconstitutional bias & prejudice by judges & magistrates against Plaintiff, as litigant or counsel, has resulted in *coram non-judice* actions; resulted in continued harmful denial of Plaintiff's petition, equal protection, & due process rights in matters before U.S.D.C, S.D. Tx, Houston Division; & also need for this independent action – *inter alia.*  U.S.D.C., S.D Tx cases examples include (1) 4:16-CV-903 & 4:16-cv-1704 (consolidated); (2) 4:20-CV-04149; (3) 4:19-CV-01656; (4) 4:20-CV-01651; (5) 4:22-CV-00765; (6) 4:22-CV-03155; & (7) 4:22-CV-04352.

As Plaintiff has never had any cases &/or matters before Hon. Judge George C. Hanks Jr. of U.S. District Court, S.D. Tx, Houston Division, such seems to be U.S. Constitutional due process (impartial judge & tribunal) proper court for resolution of this action, & where Plaintiff shall seeks to secure fair in-court hearings on issues; all as entitled Plaintiff.[1]

---

[1] *U.S. Const. Amd. I, V, & VI; See also, Hooks v. Wainwright,* 352 F.Supp. 163, 167 (M.D. Fla. 1972) ("...the constitutional protection of access to the courts is much broader, for it includes access to all courts, both state & federal, without regard to the type of petition or relief sought. *U.S. Const. Amends. I & XIV, § 1.*"); *Adams v. Carlson,* 488 F.2d. 619, 632 – 634 (7th Circ. 1973) ("'Access to the courts,' . . . is a larger concept than that put forward by the State. It encompasses all the means a defendant or petitioner might require to get a fair hearing from the judiciary on all charges brought against him or grievances alleged by him..."); *BEK Constr. V. NLRB,* 536 US 516, 525 (2002)

Case 1:23-cv-01048-RP   Document 1   Filed 08/28/23   Page 103 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 98 of 100
Case 4:23-mc-00976   Document 1-3   Filed on 06/20/23 in TXSD   Page 2 of 2

RELIEF REQUESTED: Plaintiff requests transfer of this action to the Court of Hon. Judge George C. Hanks Jr. of U.S.D.C., S.D. Tx, Houston Division, per 28 U.S.C. §1404(a) & (c); & as required per U.S. Const. petition, impartial tribunal, equal protection, & due process clauses.

### ORDER on TRANFER

On this _____ day of _____ 2023, came hearing & consideration on the foregoing motion asking for transfer of this action to the Court of Hon. Judge George C. Hanks Jr. of U.S.D.C., S.D. Tx, Houston Division, per 28 U.S.C. §1404(a) & (c);

Said request is hereby GRANTED.

_____ Judge Presiding

### ORDER on APPLICATION TO PROCEED w/o PAYING FEES or COSTS

On this _____ day of _____ 2023, came hearing & consideration on the foregoing application to proceed in district court without paying fees or costs.

Said request is hereby GRANTED. The clerk is hereby ordered to issue summons on the complaint. Plaintiff shall make due efforts to obtain waiver of service from Defendants per FRCP Rule 4., & if not denied waiver, shall serve Defendants a copy of the summons & Complaint by certified mail.

_____ Judge Presiding

---

(..."the right to petition extends to all departments of the Government," & that "[t]he right of access to the courts is ... but one aspect of the right of petition.").

Case 1:23-cv-01048-RP    Document 1    Filed 08/28/23    Page 104 of 109
Case 4:23-mc-01283   Document 1-2   Filed on 08/03/23 in TXSD   Page 99 of 100
Case 4:23-mc-00976   Document 2   Filed on 07/31/23 in TXSD   Page 1 of 1

United States District Court
Southern District of Texas

**ENTERED**

July 31, 2023

Nathan Ochsner, Clerk

AO 240A (Rev. 01/09) Order to Proceed Without Prepaying Fees or Costs

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas ☐

ERNEST ADMORA - NWEKE
_____
Plaintiff
v.
STEVEN C. McGRAW ET AL
_____
Defendant

Civil Action No. 23 MC 976

## ORDER TO PROCEED WITHOUT PREPAYING FEES OR COSTS

IT IS ORDERED:  The plaintiff's application under 28 U.S.C. § 1915 to proceed without prepaying fees or costs is:

☐ Granted:

The clerk is ordered to file the complaint and issue a summons. The United States marshal is ordered to serve the summons with a copy of the complaint and this order on the defendant(s). The United States will advance the costs of service. Prisoner plaintiffs are responsible for full payment of the filing fee.

☐ Granted Conditionally:

The clerk is ordered to file the complaint. Upon receipt of the completed summons and USM-285 form for each defendant, the clerk will issue a summons. If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed. The United States marshal is ordered to serve the completed summons with a copy of the complaint and this order on the defendant(s). The United States will advance the costs of service. Prisoner plaintiffs are responsible for full payment of the filing fee.

☑ Denied:

This application is denied for these reasons:

The applicant is not permitted to practice before the SDTX - this application cannot be used in lieu of his admission.

Date:  JUL 31 2023
_____
_____
Judge's signature

_____
Printed name and title

## U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:23-mc-01283

Adimora-Nweke v. McGraw et al                                 Date Filed: 08/03/2023
Assigned to: Judge Keith P Ellison

**Plaintiff**

**Ernest Adimora-Nweke**                      represented by **Ernest Adimora-Nweke**
                                                             PRO SE

                                                             **Ernest Adimora-Nweke**
                                                             c/o Adimora Law Firm.
                                                             3050 Post Oak
                                                             Suite 510
                                                             Houston, Tx 77056
                                                             281-940-5170
                                                             Email: ernest@adimoralaw.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Steven C McGraw**

**Defendant**

**Texas Department Of Public Safety**
*("TxDPS)*

**Defendant**

**Hon. Judge Lynn Hughes**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/03/2023 | 1 | APPLICATION to Proceed In Forma Pauperis filed by Ernest Adimora-Nweke. (Attachments: # 1 Proposed Order), # 2 Complaint, # 3 Civil Cover Sheet, # 4 MOTION, # 5 Exhibit DVD-Forwarded to the shelving Area) (BrendaLacy, 4). (Entered: 08/03/2023) |
| 08/03/2023 | 2 | ORDER TO PROCEED WITHOUT PREPAYING FEES OR COSTS denying 1 Application (Signed by Judge Keith P Ellison) Parties notified.(fearbia, 2) (Entered: 08/04/2023) |
| 08/07/2023 | 3 | MOTION for Reconsideration of 2 Order ( Motion Docket Date 8/28/2023.). MOTION for Hearing by Ernest Adimora-Nweke, filed. (ChrisKrus, 4) (Entered: 08/07/2023) |
| 08/11/2023 | 4 | ORDER denying 3 Motion for Reconsideration; denying 3 Motion for Hearing.(Signed by Judge Keith P Ellison) Parties notified.(arrivera, 4) (Entered: 08/11/2023) |
| 08/16/2023 | 5 | EMERGENCY MOTION to Change Venue to Western District of Texas, (Motion Docket Date 9/6/2023), by Ernest Adimora-Nweke, filed. (ghassan, 4) (Entered: 08/16/2023) |

| 08/17/2023 | 6 | ORDER denying 5 Motion to Change Venue ; denying 5 Motion for Emergency.(Signed by Judge Keith P Ellison) Parties notified.(arrivera, 4) (Entered: 08/17/2023) |
|---|---|---|

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/18/2023 13:45:21 | | | |
| **PACER Login:** | ernestean | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:23-mc-01283 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

AO 240A  (Rev. 01/09)  Order to Proceed Without Prepaying Fees or Costs

United States District Court
Southern District of Texas

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

**ENTERED**

August 04, 2023

Nathan Ochsner, Clerk

| | |
|---|---|
| Ernest Adimora-Nweke | ) |
| *Plaintiff* | ) |
| v. | ) |
| Steven C. McGraw et al | ) |
| *Defendant* | ) |

Civil Action No.  23-mc-1283

## ORDER TO PROCEED WITHOUT PREPAYING FEES OR COSTS

**IT IS ORDERED:**  The plaintiff's application under 28 U.S.C. § 1915 to proceed without prepaying fees or costs is:

☐  Granted:

The clerk is ordered to file the complaint and issue a summons.  The United States marshal is ordered to serve the summons with a copy of the complaint and this order on the defendant(s).  The United States will advance the costs of service.  Prisoner plaintiffs are responsible for full payment of the filing fee.

☐  Granted Conditionally:

The clerk is ordered to file the complaint.  Upon receipt of the completed summons and USM-285 form for each defendant, the clerk will issue a summons.  If the completed summons and USM-285 forms are not submitted as directed, the complaint may be dismissed.  The United States marshal is ordered to serve the completed summons with a copy of the complaint and this order on the defendant(s).  The United States will advance the costs of service.  Prisoner plaintiffs are responsible for full payment of the filing fee.

☑  Denied:

This application is denied for these reasons:
The Court denied Plaintiff's application in 4:23-mc-0976. Should Plaintiff seek review of that decision he should file for reconsideration or appeal in that case.

Date:  _____08/03/2023_____

_____
*Judge's signature*

Keith P. Ellison, United States District Judge
*Printed name and title*

United States District Court
Southern District of Texas
**ENTERED**
August 11, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERNEST ADIMORA-NWEKE, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| **v.** | § |
| | § CASE NO. 4:23-mc-01283 |
| STEVEN C. MCGRAW, et al. | § |
| | § |
| | § |
| | § |
| *Defendants.* | § |

## ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration and Hearing (ECF No.

3.) The Court **DENIES** the Motion for Reconsideration and Hearing. Plaintiff was denied leave to

proceed *in forma pauperis*. Moreover, proposed counsel is not admitted to practice in the

Southern District of Texas and has been previously denied *pro hac vice* status. *See* C.A. No.

4:22-cv-04352, ECF No. 21.

   **IT IS SO ORDERED.**

   **SIGNED** at Houston, Texas, on this the 11th of August, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

1

United States District Court
Southern District of Texas
**ENTERED**
August 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ERNEST ADIMORA-NWEKE,** | § |
| | § |
| *Plaintiff,* | § |
| | § |
| **v.** | § |
| | § |
| **STEVEN C. MCGRAW, et al.** | § |
| | § |
| | § |
| *Defendants.* | § |

CASE NO. 4:23-mc-01283

## ORDER

Pending before the Court is Plaintiff's Emergency 28 U.S. Code § 1391 Motion to Transfer Venue. (ECF Doc. 5.) Plaintiff has asked the Court to transfer this action to the Western District of Texas, Austin Division. The Court **DENIES** the Emergency Motion to Transfer Venue. Plaintiff has failed to provide meritorious reasons warranting a transfer to the Western District of Texas under Fifth Circuit law and the requirements of 28 U.S.C. § 1404(a). *See, e.g., In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) *(en banc)* (requiring moving party under 28 U.S.C. § 1404(a) to show good cause to support its claim of transfer).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 17h of August, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

1